(761 P.2d 320)
No. 61,560

EXPERT ENVIRONMENTAL CONTROL, INC., *Appellant,* v. JACK D. WALKER, Secretary of Health and Environment, and the KANSAS STATE DEPARTMENT OF HEALTH AND ENVIRONMENT, *Appellees.*

—

Opinion filed September 23, 1988.

*Dan E. Turner,* of Topeka, for appellant.

*Yvonne C. Anderson,* of Kansas Department of Health and Environment, for appellee.

Before RULON, P.J., SIX and ELLIOTT, JJ.

RULON, J.: Expert Environmental Control, Inc., (Expert) appeals the district court's dismissal of its petition for judicial review for lack of jurisdiction based on Expert's failure to exhaust administrative remedies. We find no reversible error and affirm.

The undisputed facts of this case are as follows:

In July 1986, the Kansas Department of Health and Environment (KDHE) issued an administrative order assessing a civil penalty against Expert for claimed violations of the Kansas asbestos control regulations. The violations involved noncompliance with required work practices for the removal and handling of asbestos material and waste. Expert's appeal rights were clearly stated in the administrative order assessing the civil

penalties. Expert appealed the order and an administrative hearing was conducted on October 30, 1986. The hearing officer mailed his order on April 2, 1987. Again, Expert's appeal rights were clearly stated in the administrative order, specifically noting a 15-day limitation for filing a petition for review with the Secretary of KDHE.

On April 27, 1987, 25 days after the administrative order was issued, KDHE received Expert's petition for review of the April 2, 1987, administrative order. Less than two weeks later, on May 4, 1987, Expert filed a petition for judicial review in the District Court of Shawnee County. KDHE filed a motion to dismiss Expert's petition for judicial review asserting that Expert failed to exhaust its administrative remedies because the Secretary had not been afforded the opportunity to rule on Expert's petition for review filed with KDHE. Expert's response to KDHE's motion to dismiss claimed that the KDHE hearing officer failed to issue the agency's order within 30 days as required by K.S.A. 1987 Supp. 77-526(g) and failure to do so rendered the April 2, 1987, order void for lack of jurisdiction. Expert further claimed that because KDHE had no jurisdiction to issue an order after 30 days, the petitioner was not required to file a petition for review with the Secretary.

The district court ruled that a petition for review by the Secretary was a mandatory jurisdictional prerequisite to judicial review and dismissed Expert's petition. We agree.

An appeal from the imposition of an administrative civil penalty is governed by the Kansas Administrative Procedure Act, K.S.A. 1987 Supp. 77-501 *et seq.* The Act creates only procedural rights and imposes only procedural duties. K.S.A. 1987 Supp. 77-503(b).

After a hearing is held pursuant to the Act, "[a] final order or initial order pursuant to this section shall be rendered in writing and served within 30 days after conclusion of the hearing or after submission of proposed findings in accordance with subsection (f) unless this period is waived or extended with the written consent of all parties or for good cause shown." K.S.A. 1987 Supp. 77-526(g).

In the present case, the hearing was held October 30, 1986, and the initial order was not rendered until April 2, 1987, 154 days after the hearing. Expert contends that because the order

was not rendered in 30 days, the agency lost jurisdiction over the matter and the order was void. This contention is not persuasive. The 30-day limit in K.S.A. 1987 Supp. 77-526(g) is not mandatory nor does the agency's failure to timely render the order deprive the agency of jurisdiction.

"In determining whether a legislative provision is mandatory or directory, it is a general rule that where strict compliance with the provision is essential to the preservation of the rights of parties affected and to the validity of the proceeding, the provision is mandatory, *but where the provision fixes a mode of proceeding and a time within which an official act is to be done, and is intended to secure order, system and dispatch of the public business, the provision is directory."* (Emphasis added.) *Paul v. City of Manhattan,* 212 Kan. 381, Syl. ¶ 1, 511 P.2d 244 (1973).

In *Paul,* the court identified two factors that aid in determining whether the statute is mandatory:

"Factors which would indicate that a statute or ordinance is mandatory are: (1) the presence of negative words requiring that an act shall be done in no other manner or at no other time than that designated, or (2) a provision for a penalty or other consequence of noncompliance." 212 Kan. 381, Syl. ¶ 2.

K.S.A. 1987 Supp. 77-526(g) permits the 30-day period to be "waived or extended with the written consent of all parties or for good cause shown." The statute, however, does not include negative words requiring that the order be rendered in no other manner or at no other time. More significantly, there is no penalty provision or consequence of noncompliance.

If the 30-day period is *not* waived or extended with the written consent of all parties, as in the instant case, unquestionably the better practice would be for the agency, when rendering an order beyond the 30-day period, to state the cause of the delay. Agency delay, however, does not deprive the agency of jurisdiction nor does it render the order void. The 30-day time limit is a procedural requirement, directory in nature, intended to secure order, system, and forthwith dispatch of public business.

Expert next contends that it was not required to seek agency review of the April 2, 1987, order because the agency's failure to comply with the 30-day time limit deprived the agency of jurisdiction. We disagree. A petition for judicial review may be filed "only after exhausting all administrative remedies available within the agency whose action is being challenged." K.S.A. 77-612. Further support for the exhaustion principle is found in K.S.A. 77-607, which expressly allows review of only "final"

agency action. Additionally, the Judicial Review Act provides for limitations on new issues; K.S.A. 1987 Supp. 77-617 permits judicial review only of issues raised before the agency and is further support for the exhaustion principle.

In the present case, the Secretary did not have the opportunity to rule on Expert's allegation that the April 2, 1987, order was void for lack of jurisdiction due to unexplained agency delay. Pursuant to K.S.A. 77-607 and K.S.A. 77-612, this matter was not properly before the district court and, pursuant to K.S.A. 1987 Supp. 77-617, the issue of agency jurisdiction, which is Expert's only hope of avoiding the penalty, was not properly before the district court. Expert failed to exhaust administrative remedies and the district court properly dismissed this appeal.

Because our decision on the exhaustion issue is dispositive of this appeal, we shall not address the other issues raised by the appellant.

Affirmed.