(978 P.2d 288)
No. 78,00█

TURNER & BOISSEAU, CHARTERED, and HAL D. MELTZER, Individually, *Appellants,* v. KANSAS STATE BOARD OF HEALING ARTS, *Appellee.*

Opinion filed December 24, 1998.

*Thomas L. Theis* and *Jeffrey W. Jones,* of Sloan, Listrom, Eisenbarth, Sloan & Glassman, L.L.C., of Topeka, for appellants.

*Mark W. Stafford,* of Kansas State Board of Healing Arts, for appellee.

*Stephen W. Cavanaugh* and *Harold A. Houck*, of Fisher, Cavanaugh & Smith, P.A., for intervenor E.K.

Before ELLIOTT, P.J., PIERRON and ROYSE, JJ.

ROYSE, J.: Turner & Boisseau, Chartered, and Hal Meltzer (appellants) filed this action for judicial review of an agency action. The agency action they challenged was an order of sanctions imposed against them in connection with a proceeding before the Kansas State Board of Healing Arts (Board). The district court upheld the agency action, and this appeal followed. We dismiss for lack of jurisdiction.

In early 1992 the Board initiated a disciplinary proceeding against Dr. Vinod Patel, based on allegations that he had engaged in unprofessional conduct with several women patients. Retired Judge Newton Vickers was appointed by the Board to serve as presiding officer in the matter. Dr. Patel was represented by appellants.

On May 11, 1992, appellants filed identical motions seeking to discover the medical records of three of the women who had complained about Patel's conduct: One of these women was E.K. We are referring to her by her initials, based on the reasoning of Supreme Court Rule 7.043 (1998 Kan. Ct. R. Annot. 48). *In re Berg*, 264 Kan. 254, 955 P.2d 1240 (1998).

The motion referred to E.K. as the "plaintiff E.K." It represented that she had "made a claim for injuries allegedly suffered in the accident or incident which is the subject of this action." It argued that "in filing this lawsuit," she had waived the physician-patient privilege. It represented that Patel needed the records "in order to confirm or deny the nature and extent of her alleged injuries." These representations were reiterated in a legal memorandum which was filed in support of the motion.

Based on this motion, appellants obtained an order directed to all medical institutions, practitioners, and health care providers, which allowed them to inspect and copy E.K.'s medical records. The order recited that E.K. had "made a claim for personal injuries" and had therefore waived the physician-patient privilege.

In March 1993 E.K., through her counsel, filed a motion to quash a subpoena directed to one of her doctors and to obtain a protective order. She contended that appellants had been gathering her medical records since September 1992 without her knowledge or consent. She asked the presiding officer to rescind the discovery order, because it had been based on the fraudulent allegation that she had filed a claim for personal injuries against Patel. She noted that she had never filed a claim for personal injuries against Patel.

By letter order issued May 6, 1993, the presiding officer sustained E.K.'s motion. The presiding officer found that E.K. had never filed any personal injury claim against Patel. The presiding officer rejected appellants' argument that making a complaint on which a disciplinary proceeding is based is the same thing as filing suit for personal injuries. The presiding officer further ordered appellants to pay E.K.'s attorney fees incurred in connection with the proceeding.

Subsequently, the presiding officer reviewed appellants' letter asking for reconsideration of the fee order and E.K.'s documentation of fees incurred. By letter dated May 19, 1993, the presiding officer specifically found that appellants knew when they sought the discovery order that E.K. had not filed any claim for personal injuries. The presiding officer found that appellants' motion had been filed in violation of K.S.A. 60-2007(b). The letter concluded by ordering that Patel and appellants were jointly and severally liable for E.K.'s attorney fees in the amount of $1,020.

Appellants subsequently withdrew as counsel for Patel. An administrative hearing was held on April 25, 1994. The presiding officer filed his initial order on April 27, 1994, recommending that Patel's license be revoked. Patel, pro se, filed a timely motion for Board review of the initial order. The Board issued its final order on June 10, 1994, adopting the findings and conclusions set out in the initial order and ordering Patel's license revoked.

On June 28, 1994, appellants filed a petition in the district court, seeking judicial review of the sanctions imposed by the presiding officer in the May 6, 1993, and May 19, 1993, letters. The Board moved to dismiss the petition on the grounds that appellants had

failed to exhaust their administrative remedies. On March 24, 1995, the district court dismissed the action but remanded the matter to the Board. The district court reasoned that the May letters were initial orders but that the Board had failed to review them and file a final order as required by K.S.A. 77-526(g). The district court ordered the Board to review the letter orders and issue a final order within 60 days.

The Board conducted its review of the letter orders on April 29, 1995. Although Board members expressed reservations about their jurisdiction to review the letters, they decided to comply with the district court's order. The Board's final order regarding sanctions was filed on May 22, 1995, adopting and approving the orders of the presiding officer. The final order recited that, following the entry of the letter orders in May 1993, "no party or other individual requested a review of said orders by the Board." The Board further found that appellants had made allegations in the discovery motion which were not true.

Appellants filed a petition for judicial review of the May 22, 1995, order in district court on June 21, 1995. Following a hearing, the district court entered an order upholding the sanctions.

Before considering appellants' substantive arguments, we must first address a jurisdictional question. Under the Kansas Administrative Procedure Act, K.S.A. 77-501 *et seq.*, an order issued by a presiding officer may be reviewed by the agency head. K.S.A. 77-527. Request for review by the agency head must be filed within 15 days after service of the initial order. K.S.A. 77-527(b). If no request for review is made, the presiding officer's order becomes final. K.S.A. 77-526(b).

A petition for judicial review of an agency action may be filed only after all administrative remedies available within the agency have been exhausted. K.S.A. 77-612. In addition, a party may generally obtain judicial review only of those issues raised before the agency. K.S.A. 77-617; *Expert Environmental Control, Inc. v. Walker*, 13 Kan. App. 2d 56, 58-59, 761 P.2d 320 (1988). Judicial review of a final action pursuant to K.S.A. 77-607 may address issues raised in regard to agency orders of a preliminary or interim nature. 2 Koch, Administrative Law and Practice § 8.25 (2d ed. 1997); see,

*e.g., In re Tax Appeal of Collingwood Grain, Inc.*, 257 Kan. 237, 252-54, 891 P.2d 422 (1995) (reviewing preliminary order of agency declining to issue subpoenas in action for judicial review of BOTA exemption order); *Wisconsin DOR v. Hogan*, 198 Wis. 2d 792, 543 N.W.2d 825 (Wis. App. 1995) (order certifying class action reviewable once agency issued order addressing merits); *Lundy Packing Co. v. N.L.R.B.*, 856 F.2d 627, 630 (4th Cir. 1988) (judicial review of NLRB decision to uphold administrative law judge order quashing a subpoena). Compare K.S.A. 77-624 (authorizing judicial action to enforce subpoena, discovery order, or protective order).

Appellants state in their brief that they believed the presiding officer's initial order of April 27, 1994, incorporated and affirmed his prior sanction orders contained in the May 6 and 19, 1993, letters. Yet they failed to seek agency review of the sanction orders upon the filing of the initial order. Thus, appellants failed to exhaust the remedy of administrative review by the Board which was available to them under K.S.A. 77-527. Although Patel did seek review of the initial order, he did not raise the sanctions issue. In short, the agency (the Board) never had the opportunity to address the sanctions issues before appellants proceeded to district court.

The district court correctly concluded that it could not examine an issue which appellants had failed to raise before the Board. The appropriate remedy, however, was not a remand for the Board to conduct a review that appellants had never timely requested. When appellants filed a lawsuit before exhausting administrative remedies required by K.S.A. 77-512, the district court should have dismissed the action for lack of subject matter jurisdiction. *E.g., Dillon Stores v. Board of Sedgwick County Comm'rs*, 259 Kan. 295, 912 P.2d 170 (1995); *Dean v. State*, 250 Kan. 417, 826 P.2d 1372 (1992); *Zarda v. State*, 250 Kan. 364, 826 P.2d 1365 (1992); *Simmons v. Vliets Farmers Co-op Ass'n*, 19 Kan. App. 2d 1, 861 P.2d 1345, *rev. denied* 253 Kan. 861 (1993); *Expert Environmental Control, Inc. v. Walker*, 13 Kan. App. 2d at 59.

The parties spend considerable time trying to determine whether the sanction orders by the presiding officer were initial orders or final orders under K.S.A. 77-526. That statute, however,

refers to orders issued at the completion of the formal hearing to address the substantive issues before the agency. As a general rule, the order is an "initial order" if issued by a presiding officer; the order is a "final order" if issued by the agency head. See Ryan, *The New Kansas Administrative Procedure and Judicial Review Acts*, 54 J.K.B.A. 53, 60 (1985). K.S.A. 77-526 has no application to the sanction orders at issue here. See also K.S.A. 77-522 (authorizing discovery orders and protective orders).

Because the appellants failed to exhaust their administrative remedies before filing suit, the district court lacked jurisdiction over the case. Where the district court has no jurisdiction, the appellate court does not acquire jurisdiction over the subject matter on appeal. *Funk Mfg. Co. v. Franklin*, 261 Kan. 91, 95, 927 P.2d 944 (1996).

Appeal dismissed.