(100 P.3d 102)
No. 91,175

ROBERT SOZA, *Appellant*, v. KANSAS DEPARTMENT OF REVENUE DIVISION OF VEHICLES, *Appellee*.

Opinion filed November 12, 2004.

*Leslie A. Hess* and *Laura H. Lewis*, of Dodge City, for appellant.

*James G. Keller*, of Kansas Department of Revenue, of Topeka, for appellee.

Before GREENE, P.J., PIERRON and MALONE, JJ.

GREENE, J.: Robert Soza appeals the district court's grant of summary judgment and dismissal in favor of the Kansas Department of Revenue, Division of Vehicles (KDOR), on his appeal of an administrative order suspending his driver's license. Soza claims that issues "reserved" at the administrative hearing precluded summary judgment against him. We disagree and affirm.

*Factual and Procedural Overview*

In connection with his arrest for suspicion of driving under the influence, Soza was allegedly served with an Officer's Certification and Notice of Suspension (DC-27 Form) which set forth the procedure for requesting an administrative hearing, stating in material part:

"The hearing request must state whether you want to have the certifying officer(s) subpoenaed to the administrative hearing. If you wish to contest the facts contained in the officer's certification at the administrative hearing, you have the

burden of disproving those facts, and you may need to compel the appearance of certifying officer(s) to do so. If you fail to request any officer's attendance at the time you make a hearing request, your right to compel that attendance by subpoena will be deemed waived and the Law Enforcement Officer's certification will be admitted as evidence at the hearing."

Soza mailed a written request for an administrative hearing to the address specified on the form, but he failed to make a request to subpoena the certifying officer at the time of his request.

Soza appeared at the administrative hearing with counsel, but no other witnesses were present. According to Soza, the hearing officer told him that because the certifying officer was not subpoenaed, the certification form would be admitted into evidence and Soza's license would be suspended, whether or not Soza testified. Soza requested a continuance in order that the certifying officer could be subpoenaed, but the hearing officer denied this request. Thereafter, Soza elected not to testify or present evidence because the hearing officer had advised him that his license would be suspended in any event. Soza's attorney, however, informed the hearing officer that all issues were "reserved" for appeal. The hearing officer affirmed the suspension of Soza's driving privileges. On the hearing notes, the hearing officer wrote "reserved" beside all but one issue, but also noted an issue of "whether served."

Soza filed a petition for review with the district court, setting out eight issues, including whether the officer personally served the DC-27 form and whether the hearing officer erred in denying Soza's request to continue the hearing and subpoena the certifying officer. KDOR moved for summary judgment, arguing that because Soza did not preserve any issues at the administrative hearing, the district court was without jurisdiction to hear his case. In response, Soza admitted that he did not put on evidence or testify in the hearing. The court granted KDOR's motion, finding that in order to perfect issues for appeal, Soza was required to provide some evidence as to each issue which would support his position. The court concluded that Soza failed to raise any issue at the administrative hearing, and because the court had no jurisdiction to consider issues not raised below, KDOR was entitled to judgment as a matter of law.

*Standard of Review*

In a motor vehicle license suspension case, the standard of review used by the district court is set forth by K.S.A. 8-259. *Drake v. Kansas Dept. of Revenue*, 272 Kan. 231, 233, 32 P.3d 705 (2001). "In the case of review of an order of suspension under K.S.A. 8-1001 *et seq.*, and amendments thereto . . . [t]he action for review shall be by trial *de novo* to the court. The court shall take testimony, examine the facts of the case and determine whether the petitioner is entitled to driving privileges . . . ." K.S.A. 8-259. The licensee carries the burden of proof at the de novo hearing before the district court. *Angle v. Kansas Dept. of Revenue*, 12 Kan. App. 2d 756, Syl. ¶ 1, 758 P.2d 226 (1988).

The standard for appellate review is likewise set forth by statute. *Drake*, 272 Kan. at 233. "Decisions on petitions for judicial review of agency action are reviewable by the appellate courts as in other civil cases." K.S.A. 77-623. When reviewing a district court's decision in a motor vehicle license suspension case, we apply a substantial competent evidence standard of review. *Lincoln v. Kansas Dept. of Revenue*, 18 Kan. App. 2d 635, 637, 856 P.2d 1357, *rev. denied* 253 Kan. 859 (1993); *Zurawski v. Kansas Dept. of Revenue*, 18 Kan. App. 2d 325, 328, 851 P.2d 1385, *rev. denied* 253 Kan. 864 (1993). See *Drake*, 272 Kan. at 233-34. Where summary judgment has been granted by the district court, we apply the same well-known rules as are applicable in the district court. *Bracken v. Dixon Industries, Inc.*, 272 Kan. 1272, 1274-75, 38 P.3d 679 (2002).

*Did the District Court Err in Granting Summary Judgment to KDOR Because Soza's Issues Were Not Raised Below?*

Soza argues that since his counsel "reserved" issues below, including a more specific reservation of the issue "whether served," he adequately "raised" issues at the administrative hearing, and the district court erred in concluding otherwise. KDOR relies on the well-established rule that "[u]nless an issue is first raised at the administrative hearing, it may not be raised during the district court's de novo review conducted pursuant to K.S.A. 8-259(a)." *Zurawski*, 18 Kan. App. 2d 325, Syl. ¶ 4; accord *Angle*, 12 Kan. App. 2d 756, Syl. ¶ 8. Soza argues that *Zurawski* and *Angle* do not

address whether a party must present evidence supporting its position on the issue in order to preserve that issue for the de novo hearing.

We agree with KDOR and conclude that mere "reservation" of issues at the administrative hearing is inadequate to meet the exhaustion requirement for subject matter jurisdiction of the district court on appeal of such matters. See *Turner & Boisseau Chtd., v. Kansas Bd. of Healing Arts*, 26 Kan. App. 2d 36, 40, 978 P.2d 288 (1998). Despite the de novo proceeding under these circumstances, our court has held that issues must be litigated below or the appeal to our court "is not truly appellate" in nature, reasoning:

"We conclude, however, that plaintiff should be restricted to those issues raised at the administrative hearing because of the principles applied in *Nurge [v. University of Kansas Med. Center]*, 234 Kan. [309,] 316-17, [674 P.2d 459 (1983)]. First, statutes purporting to grant de novo review should be strictly construed. Second, even though this is a de novo review, the proceeding is still predominantly appellate in nature. *If plaintiff may raise a completely new issue and produce evidence before the court not produced below, effectively the agency action is ignored and the proceeding is not truly appellate. We conclude it was error for the trial court to consider whether the horizontal gaze tests were correctly administered when that issue was not raised at the administrative hearing.*

"*From our reading of these cases addressing de novo review, the Supreme Court has not interpreted any statute to allow true de novo review in the sense of a new trial on facts and issues as though they had never been tried.* Even under the de novo review recognized in KCCR cases, the court is restricted to those issues preserved in a motion for rehearing before the commission and to a review of the agency record.

"Plaintiff argues the issue was raised at the administrative hearing because the issue of reasonable grounds was argued. This definition of issue, however, is too expansive. Any of the grounds for revocation specified by the statute could be challenged by a licensee with a variety of arguments. If the agency is not made aware of the argument at the hearing, it cannot truly be said that the court in the de novo hearing is reviewing the agency action." (Emphasis added.) *Angle*, 12 Kan. App. 2d at 764-65.

Since Soza's mere "reservation" failed to adequately raise issues at the administrative hearing, the district court did not err in granting summary judgment to KDOR, dismissing the appeal for failure to exhaust administrative remedies and resultant lack of subject matter jurisdiction. See *Turner & Boisseau*, 26 Kan. App. 2d at 40.

Affirmed.