No. 98,301

JOSHUA HAMLIN KINGSLEY, *Appellant*, v. KANSAS DEPARTMENT
OF REVENUE, *Appellee*.

(204 P.3d 562)

Opinion filed March 27, 2009.

*Michael S. Holland II,* of Holland and Holland, of Russell, argued the cause and was on the brief for appellant.

*John D. Shultz,* of Legal Services Bureau, Kansas Department of Revenue, argued the cause, and *James G. Keller,* of the same office, was with him on the brief for appellee.

The opinion of the court was delivered by

DAVIS, J.: Joshua Kingsley appeals from the dismissal of his petition for judicial review of the Kansas Department of Revenue's (KDR) suspension of his driver's license. The district court dismissed Kingsley's petition for lack of subject matter jurisdiction, finding that the petition did not strictly comply with the pleading requirements of K.S.A. 77-614(b)(5) and (b)(6) of the Kansas Act for Judicial Review and Civil Enforcement of Agency Actions (KJRA). The Court of Appeals affirmed in an unpublished opinion. *Kingsley v. Kansas Dept. of Revenue,* No. 98,301, unpublished opinion filed October 5, 2007.

We granted Kingsley's petition for review to clarify the pleading requirements for petitions for judicial review under the KJRA after our recent decision in *Bruch v. Kansas Dept. of Revenue,* 282 Kan. 764, 148 P.3d 538 (2006), where we held that strict compliance with those pleading requirements was necessary in order to confer appellate jurisdiction. We now reverse the decision of the Court of Appeals affirming the district court, reverse the decision of the district court dismissing the case, and remand for further proceedings. This is a companion case with *Rebel v. Kansas Dept. of Revenue,* 288 Kan. 419, 204 P.3d 551 (2009), which involves similar issues.

FACTS

On June 2, 2005, Kingsley was operating a vehicle in Hays, Kansas, and was stopped by Officer J. Bonczynski of the Hays Police

Department for failing to keep his vehicle in a single lane, weaving within his lane, and erratic acceleration and braking. When the officer approached Kingsley, he detected the odor of alcohol and noted that Kingsley's eyes were bloodshot. Kingsley failed the field sobriety test, exhibiting poor balance. Kingsley also indicated to the officer that he had previously consumed alcohol or drugs.

Kingsley consented to an evidentiary breath test. Officer Bonczynski certified that he administered the test after providing Kingsley with oral and written notice and in the presence of another officer. Officer Bonczynski also certified that the testing equipment and procedures were approved by the Kansas Department of Health and Environment and that he was authorized to operate the testing equipment. The evidentiary breath test demonstrated that Kingsley had a blood alcohol level of .142.

Based on these observations, Officer Bonczynski certified that he had reasonable grounds to believe that Kingsley had been operating a vehicle under the influence of drugs or alcohol in violation of K.S.A. 8-1001 *et seq.* and issued a notice of suspension of Kingsley's driver's license.

On June 10, 2005, Kingsley requested an administrative hearing with the KDR to review this suspension order. A hearing was conducted on March 8, 2006, after which the KDR issued an administrative order affirming the suspension of Kingsley's driver's license. Shortly thereafter, Kingsley filed a petition for judicial review under K.S.A. 8-259 in Ellis County District Court. Kingsley's petition for judicial review contained the following two critical paragraphs:

"6. That plaintiff seeks review of all issues raised by plaintiff in the hearing before the administrative hearing officer, in Hays, Kansas.

"7. The order suspending plaintiff's driving privileges should be vacated by this Court because plaintiff was subjected to an illegal and improper preliminary breath test was subjected that [*sic*] plaintiff's due process rights were violated because he was not allowed to subpoena relevant witnesses to his administrative hearing; the officer conducted an illegal search of plaintiff's vehicle; that plaintiff also seeks review of all issues raised before the administrative hearing officer at the March 8, 2006, hearing."

The district court dismissed because the petition failed to comply with K.S.A. 77-614(b)(5) and (b)(6) of the KJRA.

The Court of Appeals affirmed the district court's dismissal of the action in an unpublished opinion. *Kingsley*, slip op. at 4-5. The Court of Appeals concluded that paragraphs 6 and 7 of Kingsley's petition for judicial review were "no more specific than the petition for review in *Bruch*," where this court held that the petition did not strictly comply with the KJRA's pleading requirements. Slip op. at 4. The court emphasized that the petition provided "no indication the proper administration of the PBT was raised below" and that "there is no specific reason pled to indicate why the PBT was 'illegal and improper.'" Slip op. at 4-5.

Kingsley petitioned this court for review, arguing that the district court and the Court of Appeals erred by misapplying *Bruch* and that the district court had subject matter jurisdiction under K.S.A. 77-614(b)(5) and (b)(6) to hear the appeal. In its response to Kingsley's petition for review, the KDR argued no jurisdiction existed because (1) Kingsley failed to exhaust his administrative remedies by not raising evidence to support his allegations at the administrative hearing and (2) the petition for judicial review failed to strictly comply with pleading requirements of K.S.A. 77-614(b)(5) and (b)(6). We granted review.

DISCUSSION

Two questions are presented for resolution in this case: (1) whether Kingsley's petition for judicial review strictly complied with the KJRA's pleading requirements, specifically K.S.A. 77-614(b)(5) and (b)(6), and (2) whether Kingsley exhausted his administrative remedies. Each of these questions implicates the court's subject matter jurisdiction to consider a petition for judicial review. See *Bruch*, 282 Kan. at 773-74, 786-87 (strict compliance with the pleading requirements of K.S.A. 77-614[b] is necessary before a court may exercise jurisdiction over a petition for judicial review); *Jones v. State*, 279 Kan. 364, 368, 109 P.3d 1166 (2005) (exhaustion of administrative remedies is a precondition to judicial review under the KJRA). Resolution of these issues thus requires us to examine once again the specific provisions of the KJRA and the application of our cases dealing with jurisdictional questions under that Act.

It does not appear from the record that the KDR raised the second issue for our consideration—the exhaustion question—at any time before it filed its response to Kingsley's petition for review to this court. Ordinarily, claims not presented in an appellate brief are deemed abandoned and will not be considered by this court on petition for review. See *State v. Greever*, 286 Kan. 124, 131, 183 P.3d 788 (2008); *Cooke v. Gillespie*, 285 Kan. 748, Syl. ¶ 2, 176 P.3d 144 (2008). Nevertheless, issues relating to the court's subject matter jurisdiction to hear a particular claim may be raised at any time, as such claims go to the power of the court to hear a case. See *Vorhees v. Baltazar*, 283 Kan. 389, 397, 153 P.3d 1227 (2007).

Subject matter jurisdiction is vested by statute and establishes the court's authority to hear and decide a particular type of action. *Pieren-Abbott v. Kansas Dept. of Revenue*, 279 Kan. 83, 92, 106 P.3d 492 (2005). Parties cannot confer subject matter jurisdiction by consent, waiver, or estoppel, and parties cannot convey subject matter jurisdiction on a court by failing to object to the court's lack of jurisdiction. *Kansas Bd. of Regents v. Skinner*, 267 Kan. 808, Syl. ¶ 5, 987 P.2d 1096 (1999). If the district court lacks jurisdiction to make a ruling, an appellate court does not acquire jurisdiction over the subject matter on appeal. *State v. McCoin*, 278 Kan. 465, 468, 101 P.3d 1204 (2004).

The question as to whether subject matter jurisdiction exists is a question of law over which this court's scope of review is unlimited. *Back-Wenzel v. Williams*, 279 Kan. 346, 347, 109 P.3d 1194 (2005). Because subject matter jurisdiction is ordinarily conferred by statute, it should be noted that the interpretation of a statute is also a question of law subject to unlimited review. *Griffin v. Suzuki Motor Corp.*, 280 Kan. 447, 451, 124 P.3d 57 (2005).

*Preliminary note on* Martin v. Kansas Dept. of Revenue

During argument before this court, Kingsley's counsel acknowledged that the issues raised by Kingsley in his petition for judicial review might be rendered moot by our recent decision in *Martin v. Kansas Dept. of Revenue*, 285 Kan. 625, 176 P.3d 938 (2008). In *Martin*, we held that the exclusionary rule does not apply in

appeals from administrative license suspensions even though petitioners may raise Fourth Amendment questions during administrative appeals and the Fourth Amendment applies in such contexts. 285 Kan. at 639, 646. Thus, under *Martin,* a petitioner may *raise* Fourth Amendment claims, but such claims have *no practical effect* (meaning such claims do not trigger the exclusion of resultant evidence) in the administrative context. See 285 Kan. at 646.

It is true that Kingsley asserts in his petition for judicial review that he "was subjected to an illegal and improper preliminary breath test" and that "the officer conducted an illegal search of [his] vehicle." Thus, it may be that if the district court had evaluated the case on its merits, the court might have determined that Kingsley could not have succeeded on these particular issues under *Martin.* The district court did not make such a determination in this case, however, but dismissed the case on the face of the petition for failure to strictly comply with the KJRA's pleading requirements.

*Martin* did not involve the interpretation of the KJRA's pleading requirements. It had to do with the merits of the issues raised, not the court's *jurisdiction* to hear those issues. We find that *Martin* has no bearing on the question currently before us—whether the district court had subject matter jurisdiction to consider Kingsley's petition for judicial review. With this preliminary consideration resolved, we turn to the specific issues over which we granted review.

(1) DID KINGSLEY'S PETITION FOR JUDICIAL REVIEW STRICTLY COMPLY WITH THE PLEADING REQUIREMENTS OF K.S.A. 77-614(b)?

K.S.A. 2007 Supp. 8-1020 and K.S.A. 2007 Supp. 8-259 govern a district court's review of an administrative decision to suspend a licensee's driving privileges based on the licensee's failure or refusal of a breath test. See *Pieren-Abbott,* 279 Kan. at 89. These statutes state that driver's license suspensions are subject to review in the form of a de novo trial before the district court and that "[s]uch review shall be in accordance with" the KJRA. K.S.A. 2007 Supp. 8-259(a); K.S.A. 2007 Supp. 8-1020(p); see *Bruch,* 282 Kan. at 783.

The KJRA's pleading requirements are contained in K.S.A. 77-614(b), which states that all petitions for judicial review under the KJRA "shall set forth":

"(1) The name and mailing address of the petitioner;

"(2) the name and mailing address of the agency whose action is at issue;

"(3) identification of the agency action at issue, together with a duplicate copy, summary or brief description of the agency action;

"(4) identification of persons who were parties in any adjudicative proceedings that led to the agency action;

"(5) facts to demonstrate that the petitioner is entitled to obtain judicial review;

"(6) the petitioner's reasons for believing that relief should be granted; and

"(7) a request for relief, specifying the type and extent of relief requested."

This court considered the interplay of K.S.A. 77-614(b) and K.S.A. 8-259 in *Bruch*, where we concluded that a "petition for review under K.S.A. 8-259 must *strictly comply* with the pleading requirements of K.S.A. 77-614(b), even though it is subject to de novo review." (Emphasis added.) 282 Kan. at 787. We further explained that because a "petition for judicial review of an agency action is jurisdictional[,] . . . the failure to comply with the pleading requirements set forth in K.S.A. 77-614(b) precludes a litigant's statutorily granted right of appeal." 282 Kan. 764, Syl. ¶ 2.

The present case calls upon us to consider in greater detail what information parties must include in petitions for judicial review under the KJRA in order to strictly comply with the pleading requirements of K.S.A. 77-614(b). This question is resolved in large measure under the guidance of our recent decision in *Bruch* and the plain language of the KJRA. We note that neither party suggests that our decision in *Bruch* should be overruled or is an inappropriate reading of the statute. Instead, each party advocates an interpretation of *Bruch* that favors that party's respective position before this court.

Our conclusion in *Bruch* that strict compliance with the KJRA's pleading requirements is necessary to confer subject matter jurisdiction over the petition for judicial review had three legal bases: our Kansas case law interpreting the KJRA as requiring strict compliance, the legislative history of the KJRA as well as the Model Act on which the KJRA was based, and decisions of other jurisdic-

tions with similar statutory schemes. See *Bruch*, 282 Kan. at 777-84. We need not revisit the latter two bases, as our discussion in *Bruch* sufficiently outlines our rationale in relying on them. See 282 Kan. at 777-81. We pause briefly, however, to trace our case law leading to the *Bruch* decision to underscore the purpose of the KJRA in general and the specific pleading requirements of K.S.A. 77-614(b) in particular.

A little over a year before we decided *Bruch*, this court held in *Pieren-Abbott v. Kansas Dept. of Revenue*, 279 Kan. 83, 95, 106 P.3d 492 (2005), that a failure to strictly comply with the KJRA's notice requirements resulted in a lack of personal jurisdiction to consider a petition for judicial review. *Pieren-Abbott* relied in large part on the two Court of Appeals opinions: *Claus v. Kansas Dept. of Revenue*, 16 Kan. App. 2d 12, 825 P.2d 172 (1991), and *Pittsburg State University v. Kansas Bd. of Regents*, 30 Kan. App. 2d 37, 44-46, 36 P.3d 853 (2001), *rev. denied* 273 Kan. 1036 (2002).

*Claus* involved an appeal from a driver's license suspension where the licensee failed to serve the Secretary of Revenue with a copy of the petition for judicial review (as required by the KJRA). The Court of Appeals held that even though the agency had received actual notice of the petition, there was no provision for "substantial compliance" in the KJRA. Because the licensee failed to strictly comply with the KJRA's notice requirements, *Claus* concluded that the district court did not have personal jurisdiction over the KDR. 16 Kan. App. 2d at 13-14; see also *Reifschneider v. Kansas State Lottery*, 266 Kan. 338, 342, 969 P.2d 875 (1998) ("The Court of Appeals' decision in *Claus* regarding strict construction is sound.").

*Pittsburg State*, which we discussed at some length in both *Pieren-Abbott* and *Bruch*, held that a "petition for judicial review of an agency action is jurisdictional," and the "[f]ailure to comply with the pleading requirements set forth in K.S.A. 77-614(b) precludes a litigant's statutorily granted right of appeal." 30 Kan. App. 2d 37, Syl. ¶ 3. Citing an article by Professor David Ryan—a member of the committee that advised the Kansas Legislature during its adoption of the KJRA—the *Pittsburg State* court concluded that "specificity in pleading under the KJRA is necessary to give focus to the

asserted agency error and to give the reviewing court a proper understanding of the type of relief sought." 30 Kan. App. 2d at 45.

In *Bruch*, we again reiterated that strict compliance with the KJRA's pleading requirements is necessary to confer subject matter jurisdiction over a petition for judicial review. We rejected the petitioner's argument that the provisions of K.S.A. 8-259 calling for a de novo review on appeal from an administrative decision suspending a driver's license relieved the licensee of the strict compliance requirements of the KJRA, concluding that we may not ignore the plain language of the informed consent law, which states that " 'review shall be in accordance with the [KJRA].' " *Bruch*, 282 Kan. at 783; see K.S.A. 2007 Supp. 8-259; K.S.A. 2007 Supp. 8-1020(p).

*Bruch* found that the legislature's primary purposes for enacting the KJRA were "to assist people in filing their appeals from administrative actions" and "to 'facilitate the judicial task' . . . [by giving notice to] opposing parties and the reviewing court by identifying issues to be addressed on appeal and the facts as to why the petition should be reviewed." *Bruch*, 282 Kan. at 779. This court noted that "[a]pplication of a strict compliance standard is in keeping with the overall intent of the Kansas Legislature in enacting the KJRA and results in apprising both the court and the agency of the positions raised." 282 Kan. 764, Syl. ¶ 4. We therefore concluded that "[c]ompliance with the specific language of K.S.A. 77-614(b) meets the strict compliance requirement." 282 Kan. at 781.

One final observation is appropriate before addressing the jurisdictional questions raised in this appeal. In *Bruch*, the court held that the petition for judicial review did not strictly comply with the same statutory provisions at issue in this case—K.S.A. 77-614(b)(5) and (6)—and thus dismissed the case for lack of subject matter jurisdiction. 282 Kan. at 786-87. The *Bruch* court did not distinguish between these two provisions for purposes of that analysis, however, but rather treated them as similar requirements. See 282 Kan. at 785 (stating that K.S.A. 77-614[b][5] and K.S.A. 77-614[b][6] are "related" requirements). The decision proceeded with its analysis without specifically tying the discussion to a particular subsection:

"Bruch failed to strictly comply with subsections (b)(5) and (b)(6) of K.S.A. 77-614, because he failed to state in the petition for review that he was raising the issues of administration of and consent to the PBT, as indicated by the transcript before the district court. Nothing in his petition for review identifies these issues relating to the PBT, which are the heart of Bruch's appeal. . . . Bruch's argument that these issues fell under the broad umbrella of the 'probable cause' to arrest issue is without merit. 'Probable cause to arrest,' even if taken as the reviewable issue of whether there were 'reasonable grounds' to believe the licensee was DUI, is far too expansive of an issue, as it could include any number of arguments. [Citation omitted.] Bruch's broad statement concerning probable cause does not provide the department or the district court with any focus on the agency error to be addressed at trial.

"We also find it significant that the implied consent statutory scheme includes a separate statute involving PBT's, and Bruch failed to identify the provisions of that statute as well as any issues relating to PBT's, except by his broad statement relating to reasonable suspicion and probable cause in his petition for review. As such, Bruch did not strictly comply with the pleading requirements of K.S.A. 77-614(b)(5) or (6)." 282 Kan. at 786.

Although *Bruch* concluded that the petition for judicial review filed in that case did not strictly comply with either K.S.A. 77-614(b)(5) *or* (b)(6), the discussion in that case focused on whether the *issues* raised in the petition were sufficiently described. In other words, while *Bruch* held that the petition was insufficiently particular as to both the facts demonstrating that the petitioner was entitled to judicial review under K.S.A. 77-614(b)(5) and as to the reasons for believing relief should be granted under K.S.A. 77-614(b)(6), the discussion is limited to the second of these provisions: whether Bruch's petition sufficiently set forth the issues to be raised—or the reasons why he should prevail.

Our treatment of these two statutory provisions in *Bruch* has led the district courts and Court of Appeals to treat K.S.A. 77-614(b)(5) and (b)(6) as virtually one pleading requirement. This approach, however, is inconsistent with the principle of statutory construction applied by this court that presumes that the legislature does not intend to enact useless or meaningless legislation. See *Hawley v. Kansas Dept. of Agriculture*, 281 Kan. 603, 631, 132 P.3d 870 (2006). When it enacted K.S.A. 77-614(b), the legislature set forth seven different pleading requirements that must be met before a district court has jurisdiction over a petition for judicial review. See

K.S.A. 77-614(b). It does not make logical sense for two of these seven provisions to overlap, while the other subsections set forth individual requirements. While we indicated in *Bruch* that these requirements may be *related*, we now emphasize that the requirements are not identical. Instead, K.S.A. 77-614(b)(5) and (b)(6) set forth two distinct requirements for petitions seeking an appeal under the KJRA.

### *K.S.A. 77-614(b)(5)*

K.S.A. 77-614(b)(5) states that a petition for judicial review under the KJRA "shall set forth . . . facts to demonstrate that the petitioner is entitled to obtain judicial review." The only other provisions of the KJRA that reference petitioners' entitlement to judicial review of agency actions are K.S.A. 77-607 (persons entitled to review of final agency actions) and K.S.A. 77-608 (persons entitled to interlocutory review of nonfinal agency actions). In particular, K.S.A. 77-607(a) provides:

"A person who qualifies under this act regarding (1) standing (K.S.A. 77-611), (2) exhaustion of administrative remedies (K.S.A. 77-612) and (3) time for filing the petition for judicial review (K.S.A. 77-613) and other applicable provisions of law regarding bond, compliance and other preconditions *is entitled to judicial review of final agency action*, whether or not the person has sought judicial review of any related nonfinal agency action." (Emphasis added.)

K.S.A. 77-608, which sets forth the conditions entitling petitioners to interlocutory judicial review of nonfinal agency actions, states that in addition to the requirements of K.S.A. 77-607(a), a petitioner must demonstrate that "postponement of judicial review would result in an inadequate remedy or irreparable harm disproportionate to the public benefit derived from postponement." K.S.A. 77-608(b).

There can be no question that the pleading requirement in K.S.A. 77-614(b)(5) is referring to these provisions. K.S.A. 77-614(b)(5) states that a petition for judicial review shall set forth facts demonstrating that the petitioner is "entitled to obtain judicial review." The plain language of K.S.A. 77-607(a) states that a person is "entitled to judicial review" of an agency action if that person has standing under the KJRA, has exhausted the available admin-

istrative remedies, and has filed the petition in a timely manner. K.S.A. 77-608 similarly sets forth the conditions necessary for a person to be "entitled" to interlocutory judicial review of a nonfinal agency action.

Because the interpretation of K.S.A. 77-614(b)(5) is clear when read in conjunction with the entire KJRA, there is no need to resort to principles of statutory construction to determine the meaning of "entitled to obtain judicial review." See *Kansas Commission on Civil Rights v. Howard*, 218 Kan. 248, Syl. ¶ 2, 544 P.2d 791 (1975) ("courts are not permitted to consider only a certain isolated part or parts of an act but are required to consider and construe together all parts thereof *in pari materia*"); *In re K.M.H.*, 285 Kan. 53, 79-80, 169 P.3d 1025 (2007) (when the language of a statute is plain and unambiguous, courts "need not resort to statutory construction"). Nevertheless, as the KDR correctly points out in its response to Kingsley's petition for review, the legislative history of the KJRA supports this interpretation of the statute.

In *Bruch v. Kansas Dept. of Revenue*, 252 Kan. 764, 148 P.3d 538 (2006), this court explained that the KJRA was modeled after Article 5 of the Model State Administrative Procedure Act of 1981 (Model Act), noting that the language of K.S.A. 77-614(b) is "almost identical" to the language of § 5-109(b) of the Model Act. See 282 Kan. at 778. Section 5-109(b)(5) states that petition for review must set forth "facts to demonstrate that the petitioner is entitled to obtain judicial review as described in § 5-102(a)(i), (ii), and (iii)." See *Bruch*, 282 Kan. at 778. The language of this requirement corresponds exactly to the language of K.S.A. 77-614(b)(5), except that the Model Act specifically refers to § 5-102(a)(i), (ii), and (iii).

Section 5-102(a) of the Model Act similarly corresponds to K.S.A. 77-607(a), stating:

"A person who qualifies under this Act regarding (i) standing (Section 5-106), (ii) exhaustion of administrative remedies (Section 5-107), and (iii) time for filing the petition for review (Section 5-108), and other applicable provisions of law regarding bond, compliance, and other pre-conditions is entitled to judicial review of final agency action, whether or not the person has sought judicial review of any related non-final agency action."

These two sections of the Model Act support the conclusion that the pleading requirement of K.S.A. 77-614(b)(5) refers to facts demonstrating that a petitioner is "entitled to obtain judicial review" under K.S.A. 77-607(a) and K.S.A. 77-608.

We conclude that under the plain language of the KJRA, a petition for judicial review must contain specific facts indicating that the plaintiff is "entitled to judicial review" as described by K.S.A. 77-607(a) or K.S.A. 77-608. In cases such as this one—which involves an appeal from a final agency action—the plain statutory language of the KJRA requires that a petitioner provide facts that demonstrate the petitioner has standing, has exhausted administrative remedies, and is filing a timely petition for judicial review. See also *W.S. Dickey Clay Mfg. Co. v. Kansas Corp. Comm'n*, 241 Kan. 744, 750, 740 P.2d 585 (1987) (setting forth these requirements as preconditions that must be met before a person may file a petition for judicial review).

Kingsley argues in his petition for review before this court that this interpretation of K.S.A. 77-614(b)(5) is incorrect, claiming that the only fact that a plaintiff must plead when filing a petition for judicial review of a driver's license suspension under K.S.A. 2007 Supp. 8-259 is that his or her license has actually been suspended. This argument is without merit. It is true that K.S.A. 2007 Supp. 8-259(a) states "the . . . suspension . . . of a person's driving privileges . . . is subject to review." But this brief statement cannot be read in a vacuum. K.S.A. 2007 Supp. 8-259(a) continues to provide that judicial review of a driver's license suspension "shall be in accordance with" the KJRA. See *Bruch*, 282 Kan. at 783. The plain language of the KJRA indicates that a petitioner is entitled to judicial review only if that petitioner meets the requirements of K.S.A. 77-607(a) and/or K.S.A. 77-608.

Thus, a petition for judicial review from a final agency action must specifically demonstrate that a person is "entitled to judicial review" under the KJRA—that is, the petition must contain specific facts indicating that the person has standing to file the petition pursuant to K.S.A. 77-611, that the person has exhausted all available administrative remedies pursuant to K.S.A. 77-612, and that the petition has been timely filed pursuant to K.S.A. 77-613. See

K.S.A. 77-614(b)(5); K.S.A. 77-607(a). As this court explained in *Bruch*, the failure to strictly comply with the pleading requirements of K.S.A. 77-614(b)(5) divests the district court—or subsequent appellate courts—of subject matter jurisdiction to consider the petition for judicial review. See 282 Kan. at 773-74.

The question that remains is the level of specificity required in a petitioner's pleading in order to strictly comply with K.S.A. 77-614(b)(5). Although we reiterate here, as we did in *Bruch*, that strict compliance with the KJRA's pleading requirements is a jurisdictional prerequisite to a district court hearing the petition, we will not impose requirements additional to those specifically set forth in the statutory language.

K.S.A. 77-614(b)(5) provides that petitions for judicial review under the KJRA must set forth *"facts* to *demonstrate* that the petitioner is entitled to obtain judicial review." (Emphasis added.) The statute does not require legal arguments or statutory citations, but *facts*. Thus, if there are sufficient facts in a petition for judicial review from which the agency and reviewing court can determine that the requirements for standing, exhaustion, and timing are met, petitioner is "entitled to obtain judicial review" in accordance with the requirements of K.S.A. 77-607(a). In light of the specific statutory requirements of K.S.A. 77-607(a), the safer practice for a petitioner seeking an appeal under the KJRA from a final agency action is to specifically and separately state in the petition facts establishing standing, exhaustion, and timing. However, a petition for judicial review will not be dismissed on its face if the petition as a whole establishes those required facts.

Turning to the facts of the case before us, we find that Kingsley's petition for judicial review has set forth sufficient facts to demonstrate his standing, the exhaustion of his available administrative remedies, and the timeliness of his filed petition. Read as a whole, it is possible to determine from his petition that Kingsley was a party to an agency action, that he exhausted the administrative process, and that he filed the petition within the statutory period. His petition therefore establishes that he is entitled to obtain judicial review under the KJRA. Because the district court and the Court of Appeals erred in their conclusion that Kingsley did not

meet the requirements of K.S.A. 77-614(b)(5), we reverse those decisions.

*K.S.A. 77-614(b)(6)*

K.S.A. 77-614(b)(6) states that petitions for judicial review under the KJRA "shall set forth . . . the petitioner's reasons for believing that relief should be granted." In other words, a petition for judicial review must set forth the specific issues that will be raised before the district court. See *Bruch*, 282 Kan. at 785-87. This court has indicated this requirement serves two purposes: (1) It puts the district court and administrative agency on notice as to what issues will be reviewed, and (2) it assures that only issues that were raised at the administrative hearing will be considered on appeal. *Bruch*, 282 Kan. at 783.

In *Bruch*, we held that the plaintiff's petition for judicial review failed to set forth the specific issues to be considered on review. The relevant portions of that petition read:

" '6. That plaintiff seeks review of all issues raised by plaintiff in the October 7, 2004, hearing before the administrative hearing officer, in Hutchinson, Reno County, Kansas.

" '7. That the order suspending plaintiff's driving privileges should be vacated by this Court because the officer lacked reasonable suspicion to begin a DUI investigation; the office[r] lacked probable cause to arrest plaintiff; that plaintiff's due process rights were violated because he was not allowed to subpoena relevant witnesses to his administrative hearing; that plaintiff also seeks review of all issues raised before the administrative hearing officer at the October 7, 2004, hearing.' " 282 Kan. at 767.

We held that these paragraphs failed to strictly comply with the pleading requirements of the KJRA because they failed to raise with any specificity the key issues on appeal—the administration of and consent to the preliminary breath test. This court indicated that the reference in Bruch's petition to reasonable suspicion and/or probable cause was not specific enough to confer jurisdiction over the breath test because reasonable suspicion was "far too expansive of an issue" and "could include any number of arguments." 282 Kan. at 786 (citing *Angle v. Kansas Dept. of Revenue*, 12 Kan. App. 2d 756, 765, 758 P.2d 226, *rev. denied* 243 Kan. 777 [1988]). We concluded that Bruch failed to strictly comply with K.S.A. 77-

614(b)(6) "because he failed to state in the petition for review that he was raising the issues of administration of and consent to the PBT." *Bruch*, 282 Kan. at 786.

Based on these conclusions, we affirmed the district court's dismissal of Bruch's petition for judicial review for lack of subject matter jurisdiction. 282 Kan. at 787. Notably, *Bruch* did *not* merely find that the court lacked jurisdiction to review the issue involving the preliminary breath test. Instead, the court dismissed the entire action on the basis of the faulty petition. *Bruch* clearly stated that a *"petition* for review under K.S.A. 8-259 must strictly comply with the pleading requirements of K.S.A. 77-614(b)," and the failure to comply results in a lack of jurisdiction to hear the case. (Emphasis added.) 282 Kan. at 787.

It is clear from *Bruch* that the petition for judicial review is jurisdictional. Thus, if the only issues raised by a licensee during the course of a district court's review of a driver's license suspension were not specifically pleaded in the petition for judicial review, the appeal should be dismissed for lack of subject matter jurisdiction. *Bruch* is silent, however, on the degree of specificity required of a petition for judicial review under K.S.A. 77-614(b)(6) in order to satisfy an initial motion to dismiss.

The plain language of K.S.A. 77-614(b)(6) requires a petitioner to include in his or her petition for judicial review *the petitioner's reasons* for believing that relief should be granted. We interpret this language to state that as long as the petitioner sets forth sufficiently specific reasons for relief so that the court and agency can ascertain the issues that will be raised before the district court, the petitioner has satisfied the pleading requirement. If the district court later determines that the petitioner's case consists only of issues that were not specifically pleaded in the petition for judicial review, the court may do what it did in *Bruch*—dismiss the petition for lack of jurisdiction.

Thus, a petition for judicial review strictly complies with K.S.A. 77-614(b)(6) when the reasons for relief set forth in the petition give the court and the agency notice of the issues that will be raised. While it is a better practice for the language in the petition for judicial review to mirror the statutory basis for the specific relief

requested, the failure to cite to specific statutory language will not result in a lack of jurisdiction to review the agency decision.

Applying this standard to the petition before us, we conclude that Kingsley has set forth reasons why he believes relief should be granted: namely, that he "was subjected to an illegal and improper preliminary breath test," that his "due process rights were violated because he was not allowed to subpoena relevant witnesses to his administrative hearing," and that "the officer conducted an illegal search of [his] vehicle."

Because Kingsley set forth these reasons for believing that relief should be granted, the district court erred when it dismissed the case on the face of Kingsley's petition under K.S.A. 77-614(b)(6). We stress that in reaching the conclusion that the district court should not have dismissed the case for lack of jurisdiction, we are in no way commenting on the merits of these issues. At some point later in the proceedings, the district court may determine that Kingsley cannot succeed on the particular issues raised in his petition and thus dispose of these claims by way of summary judgment. See *Martin v. Kansas Dept. of Revenue,* 285 Kan. 625, 176 P.3d 938 (2008) (the exclusionary rule does not apply in appeals from administrative license suspensions); *Kempke v. Kansas Dept. of Revenue,* 281 Kan. 770, 133 P.3d 104 (2006) (de novo hearing component of K.S.A. 8-259 preserves the due process rights of licensees in administrative suspensions of driver's licenses). In this case, however, we merely hold that by setting forth these specific reasons for believing that relief should be granted, Kingsley has strictly complied with the pleading requirements of K.S.A. 77-614(b)(6).

*Conclusion*

The district court erred when it concluded that Kingsley's petition for judicial review should be dismissed under K.S.A. 77-614(b)(5) and (b)(6). Kingsley's petition sets forth facts demonstrating that he is entitled to judicial review—that he has standing, has exhausted his administrative remedies, and has complied with the applicable timing requirements. The petition also sets forth Kingsley's reasons for believing why relief should be granted in this

case. For these reasons, we reverse the district court's dismissal of Kingsley's petition and remand to the district court for further proceedings.

## (2) DOES THE DISTRICT COURT HAVE JURISDICTION TO CONSIDER THE CLAIMS RAISED IN KINGSLEY'S PETITION?

In its response to Kingsley's petition for this court's review, the KDR argues that even if Kingsley's petition for judicial review complied with the KJRA's pleading requirements, the district court—and by extension, this court—lacks subject matter jurisdiction to hear any argument relating to Kingsley's claims on appeal because Kingsley did not present any evidence to substantiate those claims during his administrative hearing. The KDR asserts that because Kingsley failed to present any evidence at the hearing on the issues raised in his petition for judicial review, the court does not have jurisdiction to review the hearing officer's decision with regard to those issues.

The KDR characterizes its claim as one involving the requirement for respondents to exhaust all administrative remedies before filing a petition for judicial review. In essence, the KDR claims that because Kingsley did not present evidence at the administrative hearing to substantiate the claims in his petition, he did not adequately litigate those issues during the hearing and thus may not raise the issues on appeal.

### Exhaustion of Remedies

The KJRA permits persons to seek judicial review of administrative actions "only after exhausting all administrative remedies available within the agency whose action is being challenged and within any other agency authorized to exercise administrative review." K.S.A. 77-612; see *Jones v. State*, 279 Kan. 364, Syl. ¶ 4, 109 P.3d 1166 (2005). K.S.A. 77-607(a)(2) similarly states that a person is entitled to judicial review of an agency action when that person complies with the exhaustion requirement of K.S.A. 77-612. Thus, if a person does not exhaust all available and adequate administrative remedies before filing a petition for judicial review of an agency action, then the district court lacks subject matter juris-

diction to consider the contents of the petition. See *Dean v. State*, 250 Kan. 417, 427-28, 826 P.2d 1372, *cert. denied* 504 U.S. 973 (1992).

Contrary to the KDR's characterization of this issue, the language of K.S.A. 77-612, other provisions of the KJRA, and previous opinions of this court make it clear that the KJRA's exhaustion requirement applies to administrative *procedures*, not to individual issues to be reviewed. K.S.A. 77-612, which sets forth the exhaustion rule, provides further qualifications for "rulemaking proceeding[s]" and "petition[s] for reconsideration." K.S.A. 77-612(a), (c). The only relevant reference to "issues" in the KJRA is found in K.S.A. 77-617—which sets forth limited statutory exceptions to the rule that a person must not raise issues in a petition for judicial review that were not argued before the agency—a provision separate from the KJRA's exhaustion requirements. See K.S.A. 77-607(a)(2) (stating that the exhaustion requirement is contained in K.S.A. 77-612).

This court's case law confirms that the exhaustion requirement of K.S.A. 77-612 applies to procedures, not individual issues. See *Jones*, 279 Kan. at 365 (plaintiff did not exhaust available administrative remedies because she filed no administrative claim at all but instead sought a declaratory judgment in district court); *Dean*, 250 Kan. at 420-21 (no jurisdiction to consider petition for judicial review in a tax case where petitioners made no attempt to request an administrative hearing to resolve their claims and thus did not exhaust their administrative remedies); *W.S. Dickey Clay Mfg. Co. v. Kansas Corp. Comm'n*, 241 Kan. 744, 750, 740 P.2d 585 (1987) (because plaintiff corporation failed to intervene in the administrative proceedings or otherwise participate as a party, the corporation did not exhaust its administrative remedies); see also *Turner & Boisseau, Chtd. v. Kansas Bd. of Healing Arts*, 26 Kan. App. 2d 36, 40, 978 P.2d 288 (1998) (plaintiffs may not seek judicial review of agency's sanctions order since they did not seek administrative review of those orders).

The likely cause of the KDR's confusion in this matter is certain language in *Soza v. Kansas Dept. of Revenue*, 33 Kan. App. 2d 254, 100 P.3d 102 (2004). Like Kingsley in this case, Soza filed a petition

for judicial review of an administrative order suspending his driver's license. Soza had previously requested an administrative hearing to review the suspension and had attended the hearing with counsel. Although Soza did not testify or present evidence at the hearing regarding why his license should be reinstated, Soza's attorney informed the hearing officers that all issues relating to the suspension were "reserved" for appeal.

Considering Soza's subsequent petition for judicial review, the district court granted summary judgment in favor of the KDR, finding that Soza had not actually raised any issues to be appealed at the hearing. The Court of Appeals affirmed, stating that "mere 'reservation' of issues at the administrative hearing is inadequate to meet the exhaustion requirement for subject matter jurisdiction of the district court on appeal of such matters." 33 Kan. App. 2d at 257 (citing *Turner & Boisseau, Chtd.*, 26 Kan. App. 2d at 40). The *Soza* court then quoted extensively from *Angle v. Kansas Dept. of Revenue*, 12 Kan. App. 2d 756, 764-65, 758 P.2d 226, *rev. denied* 243 Kan. 777 (1988)—a case involving the requirement that issues be litigated during the administrative hearing before those issues can be raised on appeal, not the exhaustion requirement. At the close of the opinion, the *Soza* court stated that because the plaintiff "failed to adequately raise issues at the administrative hearing," the district court correctly dismissed the case "for failure to exhaust administrative remedies and resultant lack of subject matter jurisdiction." 33 Kan. App. 2d at 257. No petition for review was filed from the Court of Appeals' opinion in *Soza*.

The *Soza* decision is confusing, and its mixing of the exhaustion language with the preservation-of-issues requirement leads to the lack of clarity demonstrated by the KDR's brief in this case. We disapprove of the *Soza* decision and its confusion between exhaustion of administrative remedies, a jurisdictional issue, and the preservation-of-issues requirement referenced in *Angle*.

The exhaustion requirement of K.S.A. 77-612 is a jurisdictional prerequisite to the *entire petition* for judicial review. See K.S.A. 77-607(a)(2). The failure to raise an issue at the administrative hearing only bars a district court from reviewing that *particular issue*. See *Angle*, 12 Kan. App. 2d at 764-65.

Turning to the administrative process involved in this case, K.S.A. 2007 Supp. 8-255 sets forth the procedure for challenging the suspension of a driver's license. In particular, K.S.A. 2007 Supp. 8-255(d) states that a person in Kingsley's position challenging a suspension may request an administrative hearing to review the order of suspension. K.S.A. 2007 Supp. 8-1020 sets forth the procedures to be followed at this hearing, stating that if a party disagrees with an administrative order suspending a license, he or she may file a petition for judicial review pursuant to K.S.A. 8-259. See K.S.A. 2007 Supp. 8-1020(o). K.S.A. 2007 Supp. 8-259(a) further provides that orders of suspension are subject to review in accordance with the KJRA.

After receiving the order of suspension from the officer, Kingsley filed a timely request for an administrative hearing. His request was granted, and a hearing was held in March 2006 to determine the propriety of his driver's license suspension. Although Kingsley was not personally present at the hearing, he was represented by counsel, who examined the police officer as a witness. Once the hearing officer issued an administrative order affirming the suspension of Kingsley's driver's license, Kingsley filed the petition for judicial review that is the subject of this appeal.

In short, Kingsley exhausted the entire administrative *procedure* available to him regarding the suspension of his license. He therefore exhausted his administrative remedies in accordance with K.S.A. 77-612.

### *Preservation of the Issues*

KDR's argument in its petition for review—that the district court should not consider the issues raised in Kingsley's petition for review because he failed to substantiate those claims with evidence at the administrative hearing—is more correctly characterized as a claim that those issues were not preserved for judicial review.

In an appeal from a decision by an administrative agency, a party may only argue the issues raised at the administrative hearing. K.S.A. 77-617; *In re Tax Appeal of Panhandle Eastern Pipe Line Co.,* 272 Kan. 1211, 1235, 39 P.3d 21 (2002). In turn, a district

court may only review those issues litigated at the administrative level. See *Bruch v. Kansas Dept. of Revenue*, 282 Kan. 764, 773-74, 148 P.3d 538 (2006). The KDR argues that Kingsley did not adequately litigate his claims at the administrative hearing because Kingsley was not personally present and did not present any evidence or witness testimony other than that of the police officer who conducted the original traffic stop. According to the KDR, Kingsley did not offer any evidence to substantiate his claims at that hearing and so is precluded from fully litigating those issues before the district court.

The record contains no transcript for the administrative hearing in this case. Instead, the only documentation contained in the record on appeal detailing what occurred during the administrative hearing is the administrative hearing notes, which contain the following notations under the section "Other issues raised": "(1) Lack of P.C./R.G. to arrest and request test"; "(2) PBT is an illegal search per State v. Jones"; and "(3) Violation of due process; inability to subpoena other relevant witnesses." Kingsley's petition for judicial review states that he will allege (1) that "plaintiff was subjected to an illegal and improper preliminary breath test"; (2) that "plaintiff's due process rights were violated because he was not allowed to subpoena relevant witnesses to his administrative hearing"; and (3) that "the officer conducted an illegal search of plaintiff's vehicle." Contrary to the KDR's argument, the record on appeal indicates that all of the general issues raised in Kingsley's petition for judicial review were also raised in some form or another at the administrative hearing.

This court was faced with a similar claim in *Bruch*, where the court considered whether issues relating to whether the officer laid the proper foundation for the preliminary breath test and whether Bruch consented to the test had been raised at the administrative hearing. 282 Kan. at 774. As *Bruch* explained in some detail:

" 'In a motor vehicle license suspension case, unless an issue is first adequately raised at the administrative hearing, it may not be raised for the first time during the district court's de novo review conducted pursuant to K.S.A. 8-259(a).' [Citations omitted.]

"Thus, the first determination is whether the issue concerning proper foundation and consent to the PBT [preliminary breath test] was litigated at the administrative hearing. [Citation omitted.] Bruch's counsel told the district court that this issue was litigated and that the administrative hearing officer refused to admit the results of the PBT.

"As there is no transcript of the administrative hearing, we must rely upon the administrative hearing notes to determine what issues were raised below. Contrary to the Department's assertion, the PBT results are included in the administrative hearing notes. Under the provision '[o]ther issues raised,' the notes do provide: 'Lack of P.C.→PBT—improperly administer[ed], and it is an illegal search.' As such, it does appear that this issue was raised at the hearing below." 282 Kan. at 774.

As was the case in *Bruch*, the KDR's claim that Kingsley did not raise the general issues of which he is seeking judicial review is not supported by the record. Rather, the administrative hearing notes list the precise issues for which Kingsley is seeking review. We therefore conclude that these issues were preserved for review.

The decision of the Court of Appeals affirming the district court is reversed. The decision of the district court is reversed, and the case is remanded to the district court for further proceedings consistent with this opinion.