No. 114,170

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

CLAY DEAN CULLISON,
*Appellant*,

v.

KANSAS DEPARTMENT OF REVENUE,
*Appellee*.

SYLLABUS BY THE COURT

1.

The legislature has made a distinction regarding a law enforcement officer's breath test certification based on whether the driver fails the test or refuses the test. If the driver fails the test, the officer must certify that the driver was operating the vehicle before the Kansas Department of Revenue can suspend the person's driver's license. If the driver refuses the test, the officer must certify that the driver was either operating or attempting to operate the vehicle before the division can suspend a person's driver's license. K.S.A. 2015 Supp. 8-1002(a)(1)(A), (a)(2)(A), (f).

2.

If a driver who fails a requested breath test establishes by a preponderance of the evidence that he or she was not operating a vehicle at the time he or she was stopped but merely attempting to operate it, the driver would fall outside the reach of K.S.A. 2015 Supp. 8-1002(a)(2)(A) and the Kansas Department of Revenue would not be statutorily permitted to suspend the person's driver's license.

Appeal from Seward District Court; LINDA P. GILMORE, judge. Opinion filed May 13, 2016. Reversed.

1

*Peter G. Olson*, of Brooks & Olson, of Liberal, for appellant.

*John D. Shultz*, deputy general counsel, of Legal Services Bureau, Kansas Department of Revenue, for appellee.

Before ARNOLD-BURGER, P.J., GREEN and LEBEN, JJ.

ARNOLD-BURGER, J.:  If an officer lawfully requests that a driver submit to a breath test and the driver fails the test, the Kansas Department of Revenue (KDR) is authorized to suspend the person's driver's license if "[t]here existed reasonable grounds to believe the person was operating a vehicle while under the influence of alcohol or drugs." K.S.A. 2015 Supp. 8-1002(a)(2)(A), (f). Clay Dean Cullison's driver's license was suspended in accordance with this provision. Claiming he was not operating the vehicle, Cullison ultimately appealed the suspension to the Seward County District Court, which upheld it. Because we find that the suspension of Cullison's driving privileges was based on a finding that he *attempted* to operate a vehicle rather than a finding that he operated a vehicle, we must reverse the district court's order affirming the suspension of his driving privileges.

FACTUAL AND PROCEDURAL HISTORY

In the early morning hours of May 4, 2014, Officer Mark West observed a large group of people standing outside in a parking lot. At least two of the individuals were sitting atop running motorcycles. One man began loudly revving his engine. As the sound of the engine died down, West heard another motorcyclist, later identified as Cullison, rev his engine. As West approached the men, he watched Cullison manually reverse his motorcycle then begin to move forward with the motor running, headlight on, and clutch engaged.

2

When West made contact with the men, he noticed the smell of alcohol coming from both of the men on the motorcycles and observed that Cullison's speech was slurred and his eyes were glassy. West then conducted field sobriety tests on Cullison. Cullison failed both the walk-and-turn test and the one-leg-stand test. West next administered a preliminary breath test, which indicated that Cullison's breath-alcohol content was over the legal limit to drive. After Cullison failed the preliminary breath test, he was arrested and taken to jail where he was given a breath test. The test registered a breath-alcohol content of .169—more than double the legal limit of .08.

The KDR suspended Cullison's driver's license as a result of the incident. Cullison appealed the suspension. After a hearing on the matter, the KDR affirmed. Cullison then appealed to the Seward County District Court. At trial, Cullison argued that he was not operating his motorcycle at the time he was stopped by West. Cullison alleged that while the motor ran, headlight worked, and the motorcycle could be manually propelled, the motorcycle was missing several bolts that made driving it impossible.

The district court affirmed the suspension, finding that "[p]laintiff failed to meet his burden to prove the certifying officer lacked reasonable grounds to believe Cullison was attempting to operate his vehicle under the influence of alcohol. The court finds Officer West had reasonable grounds to believe that Cullison was operating or attempting to operate his motorcycle." Cullison now appeals.

ANALYSIS

Cullison argues that since this was a test failure, pursuant to K.S.A. 2015 Supp. 8-1020(h)(2), the court was limited to determining whether the officer had a reasonable ground to believe Cullison was operating the motorcycle. Because the court found that he was merely attempting to operate the motorcycle, he asserts it erred when it affirmed the suspension of his driver's license.

To reach a decision in this case, we are required to interpret the meaning of the applicable driver's license suspension statutes. Accordingly, our standard of review is unlimited. *Neighbor v. Westar Energy, Inc.*, 301 Kan. 916, 918, 349 P.3d 469 (2015).

K.S.A. 2015 Supp. 8-1001(b)(1) authorizes an officer to request that a person operating *or attempting* to operate a vehicle submit to a breath test to check the person's breath-alcohol content "[i]f at the time of the request, the officer ha[d] reasonable grounds to believe" that the person was under the influence of alcohol or drugs. But separate statutory provisions govern the prerequisites to suspension of driving privileges.

Once the request to submit to a breath test is made, KDR is authorized to suspend a driver's license if the person fails the breath test as long as the officer certifies that "[t]here existed reasonable grounds to believe the person was operating a vehicle while under the influence of alcohol or drugs." K.S.A. 2015 Supp. 8-1002(a)(2)(A), (f). If the person refuses the breath test, the officer must certify that "[t]here existed reasonable grounds to believe the person was operating *or attempting* to operate a vehicle" while under the influence of alcohol or drugs. (Emphasis added.) K.S.A. 2015 Supp. 8-1002(a)(1)(A). So to reiterate, the legislature has made a distinction regarding the officer's certification based on whether the driver failed the test or refused the test. If the driver failed the test, the officer must certify that the driver was operating the vehicle. If the driver refuses the test, the officer must certify that the driver was either operating *or attempting* to operate the vehicle before the KDR can suspend a person's driver's license. If the certification meets the requirements of the statute, the KDR is required to suspend the person's driving privileges. K.S.A. 2015 Supp. 8-1002(f). In his case, West certified that Cullison was operating the vehicle. He did not check the box "attempting to operate."

A driver whose license is suspended may appeal the suspension first to the KDR, then on through the court system beginning with the district court. See K.S.A. 2015 Supp. 8-1020. Cullison properly appealed to the district court.

4

Cullison focuses his appeal on K.S.A. 2015 Supp. 8-1020(h)(2)(H). Broadly, K.S.A. 2015 Supp. 8-1020 outlines the procedures that the KDR and courts should follow when reviewing a challenge to the suspension of an individual's driver's license for refusing or failing a breath test. K.S.A. 2015 Supp. 8-1020(h) limits the scope of evidence that the KDR and courts may consider at such hearings. Evidence related to whether the driver was "operating *or attempting* to operate a vehicle" at the time he or she was asked to take the breath test is included among the types of evidence that may be considered in cases of breath test refusal. (Emphasis added.) K.S.A. 2015 Supp. 8-1020(h)(1)(A). In contrast, in the case of breath test failure, the scope of the hearing is limited to whether the law enforcement officer had reasonable grounds to believe that the person was operating a vehicle under the influence of alcohol or, if the person is under the age of 21, whether the driver was operating *or attempting* to operate the vehicle while alcohol was in the person's system. K.S.A. 2015 Supp. 8-1020(h)(2)(A). So the distinctions outlined in K.S.A. 2015 Supp. 8-1002(a) between test refusals and test failures are continued in K.S.A. 2015 Supp. 8-1020(h).

Even though the officer must certify that the person operated the vehicle, whether the person was operating *or attempting* to operate the vehicle is also within the scope of the hearing for failure of a breath test. K.S.A. 2015 Supp. 8-1020(h)(2)(H). Presumably, evidence of whether a driver was operating or simply attempting to operate his or her vehicle at the time of the stop is permitted so that a driver can rebut testimony of an officer that he or she had reasonable grounds to believe the driver was operating a vehicle at the time of the stop. See K.S.A. 2015 Supp. 8-1020(h)(2)(H). If a driver who fails a requested breath test establishes by a preponderance of the evidence that he or she was not operating a vehicle at the time he or she was stopped but merely attempting to operate it, the driver would fall outside the reach of K.S.A. 2015 Supp. 8-1002(a)(2)(A) and the KDR would be statutorily prohibited from suspending the person's driver's license. See K.S.A. 2015 Supp. 8-1020(k) (licensee has burden of proof by a preponderance of the

5

evidence to show facts in officer's certification are false or insufficient). That is exactly what Cullison claims here, and the district court decision supports his position.

The district court found that West had reasonable grounds to believe that Cullison was operating *or* attempting to operate his motorcycle at the time he was stopped for DUI. The district court also found that Cullison failed to meet his burden of proof to establish that West "lacked reasonable grounds to believe Cullison was *attempting* to operate the vehicle while under the influence of alcohol." (Emphasis added.) Although clearly Cullison had the burden to establish that the officer did not have reasonable grounds to believe he was *operating* the vehicle—as the officer alleged in his certification—Cullison had no burden to show that the officer lacked reasonable grounds to believe he was *attempting* to operate the vehicle. In fact, if the officer had a reasonable belief that Cullison was merely attempting to operate the vehicle, as the district court ruling suggests, the KDR would not be justified in suspending his license based on the clear language of K.S.A. 2015 Supp. 8-1002(a)(2)(A) and (f).

We also pause to note that because the language of K.S.A. 2015 Supp. 8-1002(a)(2) distinguishes between attempt and operation, cases involving DUI convictions and breath test refusals—where such a distinction is not made—are inapplicable here. Thus, as Cullison points out, the district court's reliance in its journal entry on *Furthmyer v. Kansas Dept. of Revenue*, 256 Kan. 825, 888 P.2d 832 (1995), a case involving a breath test refusal, was misplaced.

Finally, the State does not allege on appeal that there was sufficient evidence that Cullison operated the vehicle. To the contrary, it argues that "[t]he trial court finding that he was attempting to operate [the motorcycle] is supported by substantial evidence." Although attempted operation of the motorcycle may be sufficient to convict Cullison of a criminal DUI charge, under the plain language of the administrative suspension statutes, it is not sufficient to suspend Cullison's driver's license. As a result, we find that the

6

district court's finding that Cullison attempted to operate the motorcycle does not support the suspension of Cullison's driving privileges. Accordingly, we reverse the district court's order affirming the suspension of Cullison's driving privileges.

Reversed.