NOT DESIGNATED FOR PUBLICATION

No. 118,139

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

DAVID URBAN,
*Appellant*,

v.

KANSAS DEPARTMENT OF REVENUE,
*Appellee*.

MEMORANDUM OPINION

Appeal from Russell District Court; MIKE KEELEY, judge. Opinion filed June 22, 2018. Affirmed.

*Michael S. Holland II*, of Holland and Holland, of Russell, for appellant.

*Ashley R. Iverson*, of Legal Services Bureau, Kansas Department of Revenue, for appellee.

Before MCANANY, P.J., LEBEN and SCHROEDER, JJ.

PER CURIAM: David Urban appeals the suspension of his driver's license. After Urban was arrested for suspicion of driving under the influence of alcohol, he submitted to an evidentiary breath test. Based on the result, the Kansas Department of Revenue suspended his license.

In this appeal, Urban argues that his license suspension should be overturned because—only a few days after his DUI arrest—the Kansas Supreme Court determined that a provision in the underlying statute governing his interaction that night with a law-enforcement officer was unconstitutional. But while that would be important in a criminal proceeding, it doesn't prevent the suspension of Urban's driver's license. That's because

the Kansas Supreme Court has separately determined that the exclusionary rule, under which evidence obtained from the violation of constitutional rights is kept out of evidence, applies only in criminal cases—not in administrative actions to suspend driver's licenses. We therefore affirm the district court's judgment, which affirmed the Department of Revenue's suspension of Urban's driver's license.

FACTUAL AND PROCEDURAL BACKGROUND

The district court considered this case on stipulated facts. On February 22, 2016, David Urban was stopped in Russell County after a sheriff's deputy noticed he was speeding and had failed to use a turn signal. During the traffic stop, the deputy noticed the odor of alcohol and began investigating whether Urban was driving under the influence. Urban failed field sobriety tests, displaying poor balance and coordination. He also admitted to the deputy that he had been drinking. The deputy arrested Urban under suspicion of driving under the influence of alcohol.

After his arrest, the deputy explained the Kansas implied-consent law orally and by presenting Urban with a standard form. Urban was informed that refusing any later blood, breath, or urine test could result in criminal penalties greater than or equivalent to those of driving under the influence. Urban then agreed to a breath test, which registered a breath-alcohol concentration of 0.164—more than twice the legal limit to drive. Since this result was above 0.15, Urban's license was subject to an automatic one-year suspension.

Urban asked for an administrative hearing before the Department of Revenue. The hearing officer affirmed the suspension of Urban's license. Urban then appealed to the district court, arguing that the advisories given to him were improper. The district court heard the case on stipulated facts and written briefs instead of a trial.

2

The key fact behind Urban's appeal is that—just four days after his arrest—the Kansas Supreme Court ruled in a different case that the Kansas implied-consent law was unconstitutional. The district court concluded that this didn't change the result in Urban's case because the deputy was acting in good-faith compliance with the law when he provided Urban with the notice about the implied-consent law.

Urban then appealed to our court.

ANALYSIS

When a person is arrested for driving under the influence, the State starts two distinct but parallel legal proceedings: one that is criminal and one that is civil. *Martin v. Kansas Dept. of Revenue*, 285 Kan. 625, 642, 176 P.3d 938 (2008), *overruled on other grounds by City of Atwood v. Pianalto*, 301 Kan. 1008, 350 P.3d 1048 (2015). This case is a civil action in which the Kansas Department of Revenue acted administratively to suspend Urban's driver's license. In such a case, the department decides whether to suspend a person's license, and the person accused has the right to appeal that decision to the district court. Urban followed these steps and now appeals the district court's decision to affirm his driver's license suspension. We will cite the statutory provisions in effect at the time of Urban's driving offense.

In a driver's-license case, an appellate court typically only reviews the record to make sure substantial evidence supports the ruling. That's because the district court hears the evidence and makes factual findings; we usually only review its factual findings, not make our own. But here all the facts were stipulated, no witnesses were presented in the district court, and only questions of law remain. So our review is an independent one, with no required deference to the district court. *Martin*, 285 Kan. at 629; *State v. Dull*, 298 Kan. 832, 840, 317 P.3d 104 (2014). It is Urban's burden to prove that the department's action was invalid. K.S.A. 2015 Supp. 77-621(a).

3

Kansas has set out a statutory scheme, known as the implied-consent law, in which all drivers are presumed to have implicitly consented to a breath, blood, or urine test. K.S.A. 2015 Supp. 8-1001(a). When Urban was arrested, someone arrested for DUI received oral and written notice that they did not have a constitutional right to refuse such a test. K.S.A. 2015 Supp. 8-1001(k). They were also told that they may be subject to criminal penalties if they refuse testing, but only if they have previously refused a test, or if they have been convicted of certain crimes. Urban received these notices.

Urban's first argument is that the implied-consent law is facially unconstitutional. There is no debate about this point: The Kansas Supreme Court declared the law unconstitutional. In *State v. Ryce,* 303 Kan. 899, 368 P.3d 342 (2016) (*Ryce I*), the court ruled that Kansas may not criminally punish a driver who withdraws consent for a breath test following a DUI arrest. And in a case decided the same day, the court also ruled that language on the form given to those arrested for DUI was unconstitutionally coercive, because it obtained consent after informing the arrestee that he or she would be criminally punished if refusing a breath test. *State v. Nece*, 303 Kan. 888, 367 P.3d 1260 (2016) (*Nece I*).

Soon after those Kansas Supreme Court decisions, the United States Supreme Court decided *Birchfield v. North Dakota*, 579 U.S. ___, 136 S. Ct. 2160, 195 L. Ed. 2d 560 (2016). Considering similar state statutes to ours, the United States Supreme Court held that the Fourth Amendment permits warrantless breath tests when a person is arrested for drunk driving—but not warrantless blood tests. 136 S. Ct. at 2185. The Court also held that motorists can't voluntarily consent to a blood test on "pain of committing a criminal offense." 136 S. Ct. at 2186.

After the *Birchfield* decision, the Kansas Supreme Court granted the State's motion for a rehearing in both *Ryce* and *Nece*. But the court in *Ryce* reaffirmed its holding that

4

the Kansas implied-consent law was facially unconstitutional because it made it a crime for a driver to withdraw consent for a breath test following a DUI arrest. *State v. Ryce*, 306 Kan. 682, 699-700, 396 P.3d 711 (2017) (*Ryce* II). And the court in *Nece* reaffirmed its holding that the notice given to drivers that they would be criminally punished for refusing a breath test was unconstitutionally coercive. *State v. Nece*, 306 Kan. 679, Syl., 396 P.3d 709 (2017).

But those cases were criminal actions, and that's an important distinction when we consider an administrative appeal like this one. That's because, at least in Kansas, the remedies for an illegal search or seizure are only available to criminal defendants. The normal remedy for an unlawful search is the exclusionary rule, meaning that the evidence can't be used at a criminal trial. The Kansas Supreme Court has held that no exclusionary rule applies to an administrative driver's license suspension like this one. *Kingsley v. Kansas Dept. of Revenue*, 288 Kan. 390, 395-96, 204 P.3d 562 (2009) (citing *Martin*, 285 Kan. at 646). Since the *Martin* decision, our court has held in several cases that the exclusionary rule doesn't apply in administrative appeals of driver's license suspensions. E.g., *Badzin v. Kansas Dept. of Revenue*, No. 117,460, 2018 WL 2171057, at *3 (Kan. App. 2018) (unpublished opinion) (citing cases); *Wright v. Kansas Dept. of Revenue*, No. 116,777, 2017 WL 6062260, at *3-4 (Kan. App. 2017) (unpublished opinion) (citing cases), *petition for rev. filed* January 5, 2018.

So we're left with evidence that Urban's blood-alcohol concentration was 0.16. The officer merely needs reasonable grounds to believe that Urban was driving under the influence of alcohol to ask him to submit to a breath test. See K.S.A. 2015 Supp. 8-1001(b); *Cullison v. Kansas Dept. of Revenue*, 52 Kan. App. 2d 745, 747, 372 P.3d 442 (2016). With no dispute about the officer's reasonable grounds and evidence of alcohol concentration at 0.16 that isn't excluded from consideration, the legal consequences are clear—his license must be suspended for a year under K.S.A. 2015 Supp. 8-1014(b)(2).

Urban also argues that the officer didn't substantially comply with statutory requirements about what the officer had to tell Urban before asking for consent to do the test. K.S.A. 2015 Supp. 8-1001(k) requires written and oral notice to the driver that their license is suspended, the charges against them, and their rights and remedies.

Urban argues that the notice that he received was insufficient since it contained language reflecting an unconstitutional law. But "[i]t is generally recognized that substantial compliance with statutory notice provisions will usually be sufficient" when advising a driver of his or her rights under the Kansas implied-consent law as long as the notice in question "conveyed the essentials of the statute and did not mislead the appellant." *Barnhart v. Kansas Dept. of Revenue*, 243 Kan. 209, 213, 755 P.2d 1337 (1988). As the Department of Revenue notes, the section of the statute declared unconstitutional was not applicable to Urban. That statutory section said that the criminal penalty for refusing a breath test would be enforced if the driver had previously violated the same law. K.S.A. 2015 Supp. 8-1025(a). But since Urban had no prior occurrences, it didn't apply to him any. The form gave Urban accurate notice of the penalties he faced under the law, and Urban has not shown how it was misleading as applied to him.

He also argues in his brief that a version of the form revised on February 26, 2016, in response to *Ryce I* and *Nece I* is invalid. Urban says the Department didn't have statutory authority to revise the form. But Urban was arrested four days earlier, on February 22, 2016. So we need not consider whether the new form is valid; it didn't exist when Urban was arrested.

We affirm the district court's judgment.

6