NOT DESIGNATED FOR PUBLICATION

No. 117,513

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

MIGUEL MORALES,
*Appellant*,

v.

KANSAS DEPARTMENT OF REVENUE,
*Appellee*.

MEMORANDUM OPINION

Appeal from Ford District Court; SIDNEY R. THOMAS, judge. Opinion filed February 2, 2018.
Appeal dismissed.

*Peter J. Antosh*, of Garcia & Antosh, LLP, of Dodge City, for appellant.

*John D. Shultz*, of Legal Services Bureau, Kansas Department of Revenue, for appellee.

Before GREEN, P.J., MALONE and ATCHESON, JJ.

PER CURIAM: Miguel Morales was suspected of driving a vehicle under the influence of alcohol. After he was stopped, Morales refused to submit to a preliminary breath test. Morales also refused to submit to a breath test at the police station. In accordance with a DC-27 form, Morales' driving privileges were provisionally suspended. He requested an administrative hearing concerning the suspension. The suspension of his driving privileges was upheld at the administrative level. Morales petitioned for a review of the administrative decision to the trial court. The trial court upheld the administrative decision. On appeal, Morales contends that because he

1

submitted to the blood draw after his breath test refusal, his earlier breath test refusal should not be grounds to suspend his driving privileges. For reasons stated below, we reject this contention and dismiss for the lack of jurisdiction.

On December 12, 2015, Miguel Morales was stopped because he drove his vehicle into the opposing lane of traffic. After stopping Morales, Officer Shane Harris smelled an odor of alcohol on Morales and he noticed that Morales was slurring his words. Based on those observations, Harris asked Morales how much he had to drink. Morales responded that he had consumed two beers. Harris asked Morales to step out of his vehicle for the purpose of conducting a field sobriety test.

During the field sobriety test, Harris requested that Morales do the walk-and-turn test, a one-leg-stand test, a number counting test, and a preliminary breath test. While attempting the walk-and-turn test, Morales started the test before he was told to do so. He also showed signs of the following: he failed to stand in the starting position, he stumbled on the turn, he used his arms for balance, and he failed to step heel-to-toe. The conditions during the test were not optimal because the ground was moist, there was no visible line for the test, and the surface was an incline. Nevertheless, Harris opined that those conditions did not cause Morales' test failure. Morales did not attempt the one-leg-stand test due to a medical condition with his back. Morales was not able to accurately complete the counting test. Morales then refused to take the preliminary breath test. Harris placed Morales under arrest for driving under the influence of alcohol and took him to the station where he read him his rights under the implied consent advisory. The advisory contained a threat of criminal prosecution if the defendant failed to submit to a test. After being read the implied consent advisory, Morales refused to submit to a breathalyzer test.

Harris then completed a DC-27 form. This form explained that Morales' driving privileges would be suspended for his failure to submit to a breath test. Harris gave

Morales a copy of the DC-27. Morales requested an administrative hearing before his driving privileges were suspended. The Kansas Department of Revenue (KDOR) suspended Morales' driving privileges after determining that Harris had reasonable grounds to believe Morales was operating a vehicle while under the influence of alcohol and that Morales had refused to submit to a breath test. Morales petitioned the trial court to review the administrative decision.

In his petition for review, Morales argued (1) that the standardized field sobriety tests were improperly conducted; (2) that he was penalized for declining to participate in an unconstitutional testing of his deep lung air; (3) that the implied consent advisory was constitutionally infirm; and (4) that Harris was unable to provide a proper foundation for his testimony at the administrative hearing.

At the trial court level, Morales, through counsel, argued that his petition for reinstatement of his driving privileges should be granted because (1) an officer should not be able to request a breath test with the threat of prosecution hanging in the balance in light of the holdings in *State v. Ryce*, 306 Kan. 682, 396 P.3d 711 (2017), and *State v. Nece*, 306 Kan. 679, 396 P.3d 709 (2017); and (2) his actions cannot be classified as a refusal because a refusal is of no legal consequence when a later blood test could have been obtained under a warrant.

When Morales attempted to introduce evidence of the later blood test at trial, the KDOR objected to the admission of the blood test on the basis of relevancy. The KDOR argued that the blood draw was not relevant because the DC-27 form and the administrative decision was based on a failure to submit to a breath test and was not based on a failure of a breath or blood test. In response to the relevancy challenge, Morales argued:

3

"Here's how it's relevant. If the refusal is of no consequence, is it really a refusal? If I refuse, but you're gonna get my blood anyway through a warrant, which is what happened here, then what was my refusal other than just a word, a word that could've been spoken in Chinese? It's of no consequence. So there wasn't a refusal."

In sustaining the KDOR's objection, the trial court ruled that the suspension was based on the refusal to submit to a breath test and not a failure of a breath or blood test.

The trial court upheld the suspension of Morales' driving privileges. The trial court reasoned as follows:  (1) that Morales failed to meet his burden of showing Harris lacked reasonable grounds to believe he was operating his vehicle while under the influence of alcohol; and (2) that Morales failed to prove the implied consent advisories were in violation of the Constitution because there was no consent given in this civil case.

On appeal, Morales asserts the following issue:  whether he should have been penalized with a driver's license suspension for a test refusal that was of no practical consequence. In support of his argument, Morales asserts that the breath test refusal was of no practical legal consequence when he acceded to a blood draw after a warrant was obtained for the blood draw. Morales cites *Standish v. Department of Revenue*, 235 Kan. 900, 683 P.2d 1276 (1984), as standing for the proposition that when a person has properly rescinded his or her refusal to submit to testing, he or she cannot be punished for the refusal to submit to a breath or blood test. Morales then asserts that because his consent to the blood draw was effectively a rescission, he cannot be punished for refusal to submit to a breath or blood test.

After Morales filed his brief, the KDOR moved for summary disposition of the case. In its motion, the KDOR asserted that this court lacks jurisdiction over Morales' claim because Morales has failed to make a claim that he effectively submitted to testing based on the blood draw during the administrative hearing or during the trial court trial de novo. Moreover, the KDOR argued that there is no evidence in the record to support such

4

an argument because it was never made below. Finally, the KDOR asserted that no lower court ever ruled on this issue. The KDOR's brief before this court is nearly identical to its motion for summary disposition.

In his response to the KDOR's motion for summary disposition, Morales asserted that he is not making a rescission argument before this court, but he is making this argument: it "may as well have been" a rescission.

This court denied the KDOR's motion for summary disposition because it was unclear how the *Ryce* line of cases applied to administrative appeals involving licensure.

*Was There Substantial Competent Evidence to Support the Trial Court's Decision to Uphold the Suspension of Morales' Driving Privileges?*

Morales argues that he should not have been penalized for failing to submit to a breath test when the refusal was of no legal consequence. In support of his argument, Morales asserts that acceding to a blood test after he initially refused a breath test was effectively a rescission of his refusal. He supports this argument by equating the procedure used to obtain a blood test in this case with the rescission procedure set out in *Standish*, 235 Kan. at 902-03. Morales then asserts that because a motorist has no constitutional right to deny a blood draw once an officer has procured a warrant, a motorist that is punished for refusing to take a breath test is merely punished for making the officer go through the proper due process channels to procure a sample.

The KDOR argues that this court lacks subject matter jurisdiction over Morales' claim relating to rescission because Morales has failed to argue rescission at either the administrative level or the trial court level.

This court reviews the trial court's decision in a driver's license suspension case for substantial competent evidence. *Swank v. Kansas Dept. of Revenue*, 294 Kan. 871, 881, 281 P.3d 135 (2012). Evidence is substantially competent when a reasonable person would accept it as adequate to support a conclusion. *State v. Jolly*, 301 Kan. 313, 325, 342 P.3d 935 (2015). When reviewing factual findings, appellate courts do not reweigh evidence, resolve evidentiary conflicts, or make determinations regarding witness credibility. *State v. Hall*, 292 Kan. 841, 859, 257 P.3d 272 (2011).

*Jurisdiction*

Whether jurisdiction exists is a question of law that this court reviews de novo. *Fuller v. State*, 303 Kan. 478, 492, 363 P.3d 373 (2015). Subject matter jurisdiction may be raised at any time, whether for the first time on appeal or even on the appellate court's own motion. *Jahnke v. Blue Cross & Blue Shield of Kansas*, 51 Kan. App. 2d 678, 686, 353 P.3d 455 (2015), *rev. denied* 303 Kan. 1078 (2016). If the trial court lacks jurisdiction to make a ruling, an appellate court does not acquire jurisdiction over the subject matter on appeal. *Ryser v. Kansas Bd. of Healing Arts*, 295 Kan. 452, 456, 284 P.3d 337 (2012).

*Failure to Preserve the Issue for Judicial Review*

The KDOR asserts that this court does not have jurisdiction over Morales' rescission claim or his "effectively a rescission" claim because Morales "failed to exhaust his administrative remedies by first raising the rescission issue at his administrative hearing as required by 2016 Supp. K.S.A. 77-612." In support of its argument, the KDOR draws a distinction between *Kingsley v. Kansas Dept. of Revenue*, 288 Kan. 390, 409-12, 204 P.3d 562 (2009), and *Sierra Club v. Mosier*, 305 Kan. 1090, 1122-24, 391 P.3d 667 (2017), and asks this court to follow the more recent case of *Sierra Club*. The KDOR asserts that *Kingsley* stands for the proposition that "the exhaustion of administrative

6

remedies refers to administrative procedures not to issues," where *Sierra Club* stands for the proposition that the exhaustion of remedies refers to individual issues. Such a distinction is not necessary, however, as *Kingsley* and *Sierra Club* are consistent.

In *Kingsley*, our Supreme Court reviewed a petition from a driver's license suspension. 288 Kan. at 393-94. The court stated: "[T]he KJRA's exhaustion requirement applies to administrative *procedures*, not to individual issues to be reviewed." 288 Kan. at 409. The court then stated: "The exhaustion requirement . . . is a jurisdictional prerequisite to the *entire petition* for judicial review. [Citation omitted.] The failure to raise an issue at the administrative hearing only bars a district court from reviewing that *particular issue*." 288 Kan. at 410. The court further stated: "In an appeal from a decision by an administrative agency, a party may only argue the issues raised at the administrative hearing. [Citation omitted.] In turn, a trial court may only review those issues litigated at the administrative level." 288 Kan. at 411-12. En route to its holding in *Kingsley*, the court noted that the KDOR argued that the trial court should not have considered the issues in Kingsley's petition for review because he had failed to substantiate those claims with evidence at the administrative hearing. The *Kingsley* court further pointed out that the KDOR's argument was more correctly characterized as a claim that Kingsley had failed to preserve those issues for judicial review. 288 Kan. at 411.

In *Sierra Club*, our Supreme Court reviewed a petition from the Kansas Department of Health and Environment regarding emissions standards. 305 Kan. at 1093. The court held that merely preserving the issue for appeal or making a vague reference to the issue is not the same as litigating the issue. 305 Kan. at 1123-24. Because Sierra Club made only a vague reference to its claim during the administrative proceeding, the court held that the claim should not have been allowed upon review because the party failed to preserve the issue for appeal. 305 Kan. at 1124.

7

Following *Kingsley*, the KDOR's argument here is more properly categorized as a claim that the issues were not preserved for judicial review. The trial court did not have jurisdiction to hear issues that were not litigated at the administrative level. See 288 Kan. at 411-12. Morales failed to litigate the issue of rescission or "effectively a rescission" at the administrative level so the trial court would not have had jurisdiction to hear such an issue if it had been brought before it. Because the trial court lacked jurisdiction to make a ruling, we do not acquire jurisdiction over the subject matter on appeal. *Ryser*, 295 Kan. at 456.

Nevertheless, assuming arguendo that we had subject matter jurisdiction over the issue of rescission, this court has considered and rejected it in *Heitman v. State*, No. 108,216, 2013 WL 3455800, at *3 (2013 Kan. App. ) (unpublished opinion) ("[T]he statutory scheme aims to insure compliance with an officer's testing request, whether for a single test or multiple tests, and punishes any recalcitrance. That's true even if an officer ultimately obtains the required blood-alcohol evidence despite a refusal on one of the requested tests.").

As a result, Morales' argument fails. Accordingly, we dismiss for a lack of jurisdiction.

Appeal dismissed.