IN THE SUPREME COURT OF THE STATE OF KANSAS

No. 119,228

In the Matter of the Equalization Appeals of
TARGET CORPORATION, DAYTON HUDSON CORPORATION, and
EIGHTH STREET DEVELOPMENT COMPANY for the 2016 Tax Year
in Johnson County, Kansas.

SYLLABUS BY THE COURT

1.

Appellate courts have only such jurisdiction as is provided by law. The existence of jurisdiction is a question of law subject to unlimited appellate review.

2.

Courts have no inherent appellate jurisdiction over the official acts of administrative officials or boards except when the Legislature has made some statutory provision for judicial review.

3.

Under K.S.A. 77-631(a), a person aggrieved by the failure of an agency to act in a timely manner as required by K.S.A. 77-526 or 77-549, and amendments thereto, or as otherwise required by law, is entitled to interlocutory review of the agency's failure to act.

Review of the judgment of the Court of Appeals in an unpublished order filed July 13, 2018. Appeal from Board of Tax Appeals. Opinion filed July 10, 2020. Judgment of the Court of Appeals is affirmed in part and reversed in part, and the case is remanded to the Court of Appeals with directions.

*Kathryn D. Myers*, assistant county counselor, was on the brief for appellant Board of Johnson County Commissioners.

*Linda Terrill*, of Property Tax Law Group, LLC, of Overland Park, and *R. Scott Beeler* and *Carrie E. Josserand*, of Lathrop Gage LLP, of Overland Park, were on the brief for appellees.

The opinion of the court was delivered by

BILES, J.: The question here concerns jurisdiction of the Court of Appeals to review a failure by the Board of Tax Appeals to issue a full and complete opinion in an ad valorem tax dispute after that opinion was requested. See K.S.A. 74-2426(a) ("full opinion shall be served by the board within 90 days" unless the taxpayer appeals, both parties waive the time period, or good cause shown). As dry as that appears, the outcome determines whether Johnson County can challenge BOTA's decision to reduce 2016 valuations on seven commercial properties, which effectively reduces the tax liabilities. The Court of Appeals decided it lacked jurisdiction to resolve this dispute.

On review, we affirm in part and reverse in part. We remand the case to the Court of Appeals with directions to conduct further proceedings to determine whether the Board acted properly in failing to issue a full and complete opinion.

FACTUAL AND PROCEDURAL BACKGROUND

Target Corporation, Dayton Hudson Corporation, and Eighth Street Development Company each owns commercial real estate in Johnson County. They appealed the County's ad valorem tax valuations for the 2016 tax year on seven commercial properties. After an evidentiary hearing, BOTA entered a written "summary decision" ordering lower values for each property. Within a week, the Taxpayers asked for a full and

2

complete opinion as provided by K.S.A. 74-2426(a). The County did not separately request a full and complete opinion.

About five weeks after the summary decision, the Taxpayers' attorney sent an e-mail to BOTA and the County's attorney, stating

"I have confirmed with BOTA counsel that the only Request [*sic*] for a Full & Complete Opinion in the . . . cases was from the taxpayer. . . . Relying on that confirmation from BOTA, the taxpayer withdraws its request for a Full & Complete Opinion . . . which withdrawal results in the matters being permanently closed."

The County objected the next day. It asked BOTA to issue the full and complete opinion anyway, arguing no statutory authority permitted a request to be withdrawn once it is made. It also asserted the Taxpayers' maneuver was designed to prejudice the County. It noted they waited until it was too late for the County to make its own request in an obvious attempt to prevent it from appealing the lower valuations. It suggested in the alternative that BOTA should treat its objection as a request for reconsideration of the summary decision. The Taxpayers responded that the County could not appeal from a full and complete opinion even if it issued one because the County had not requested one itself within the required time.

BOTA issued a written decision, styled "Order Denying Reconsideration." It observed the County had provided no legal or statutory basis to deny the Taxpayers the ability to withdraw their request. It also denied the County's effort to reconsider the summary decision as untimely.

The County petitioned the Court of Appeals for judicial review, specifying it was appealing from (1) BOTA's failure to issue the requested full and complete opinion, (2)

BOTA's Order Denying Reconsideration, and (3) the summary decision. The Taxpayers countered with a motion to involuntarily dismiss the petition, claiming the court lacked appellate jurisdiction because the County did not request a full and complete opinion on its own and none was issued. The County objected to the motion to dismiss. It noted the effect was an involuntary dismissal of the case after issuing a summary decision that from the County's perspective adversely impacted its ad valorem valuations.

In a brief order, the Court of Appeals dismissed the appeal for lack of jurisdiction without detailed explanation. It later denied the County's motion for rehearing or modification.

The County then petitioned this court for review, arguing: (1) dismissing the appeal denied the County due process by depriving it of an opportunity for judicial review of the lower valuations; (2) the statute required BOTA to issue a full and complete opinion once the Taxpayers requested it and that request could not be withdrawn; and (3) alternatively, the County's time to request a full and complete opinion should be tolled for the time between the Taxpayers' request for the full and complete opinion and the purported withdrawal so the County could initiate its own challenge.

We granted review. Jurisdiction is proper. See K.S.A. 20-3018(b) (providing for petitions for review of Court of Appeals decisions); K.S.A. 60-2101(b) (Supreme Court has jurisdiction to review Court of Appeals decisions upon petition for review); K.S.A. 77-623 ("Decisions on petitions for judicial review of agency action are reviewable by the appellate courts as in other civil cases.").

4

Our question is whether the Court of Appeals erred by dismissing this case for lack of jurisdiction. The answer turns on K.S.A. 74-2426 and the relevant provisions of the Kansas Judicial Review Act, 77-601 et seq. And our focus is on two aspects of this dispute: (1) BOTA's failure to issue a full and complete opinion after it was requested; and (2) the County's effort to have appellate review of the summary decision's substantive merits.

*Standard of review*

"Appellate courts have only such jurisdiction as is provided by law. The existence of jurisdiction is a question of law subject to unlimited appellate review. Questions involving statutory interpretation are also questions of law subject to unlimited review. [Citations omitted.]" *In re N.A.C.*, 299 Kan. 1100, 1106-07, 329 P.3d 458 (2014).

*Discussion*

"Courts have no inherent appellate jurisdiction over official acts of administrative officials or boards, unless there is a statute providing for judicial review." *Barnes v. Board of Cowley County Comm'rs*, 293 Kan. 11, 17, 259 P.3d 725 (2011). The KJRA "establishes the exclusive means of judicial review of agency action." K.S.A. 77-606. K.S.A. 74-2426 supplies rules specific to BOTA proceedings, including requirements for parties to access judicial review of BOTA decisions. Accordingly, K.S.A. 74-2426 supplies a suitable starting point for understanding what happened in this case. That statute provides:

> "(a) Orders of the state board of tax appeals on any appeal, in any proceeding
> under the tax protest, tax grievance or tax exemption statutes or in any other original

5

proceeding before the board shall be rendered and served in accordance with the provisions of the Kansas administrative procedure act. Notwithstanding the provisions of K.S.A. 77-526(g), and amendments thereto, a written summary decision shall be rendered by the board and served within 14 days after the matter was fully submitted to the board unless this period is waived or extended with the written consent of all parties or for good cause shown. *Any aggrieved party, within 14 days of receiving the board's decision, may request a full and complete opinion be issued by the board in which the board explains its decision. Except as provided in subsection (c)(4), this full opinion shall be served by the board within 90 days of being requested.* If the board has not rendered a summary decision or a full and complete opinion within the time periods described in this subsection, and such period has not been waived by the parties nor can the board show good cause for the delay, then the board shall refund any filing fees paid by the taxpayer.

"(b) *Final orders of the board shall be subject to review pursuant to subsection (c)* except that the aggrieved party may first file a petition for reconsideration of a full and complete opinion with the board in accordance with the provisions of K.S.A. 77-529, and amendments thereto.

"(c) *Any action of the board pursuant to this section is subject to review in accordance with the Kansas judicial review act*, except that:

. . . .

(4) Appeal of an order of the board shall be to the court of appeals as provided in subsection (c)(4)(A), unless a taxpayer who is a party to the order requests review in district court pursuant to subsection (c)(4)(B).

(A) *Any aggrieved party may file a petition for review of the board's order in the court of appeals. For purposes of such an appeal, the board's order shall become final only after the issuance of a full and complete opinion pursuant to subsection (a).*" (Emphases added.)

6

Plainly there has not been a "final order" for review purposes in the Court of Appeals. See K.S.A. 74-2426(c)(4)(A). To determine how that impacts appellate jurisdiction, we must look to the KJRA. And under its framework, this fact implicates two jurisdictional considerations: when judicial review is permitted and in what court that review must be initiated.

Agency actions take two forms under the KJRA—final and nonfinal. See K.S.A. 77-607(b). The form dictates when judicial review is appropriate. And since there has not been a final agency action, we must look to the rules governing review of nonfinal actions. The KJRA makes nonfinal actions reviewable under two different rules.

The general rule is that judicial review is permitted if "[i]t appears likely that the person will qualify under K.S.A. 77-607 for judicial review of the related final agency action; and . . . postponement of judicial review would result in an inadequate remedy or irreparable harm disproportionate to the public benefit derived from postponement." K.SA. 77-608. Failure to satisfy these conditions requires dismissal. See *Friedman v. Kansas State Bd. of Healing Arts*, 287 Kan. 749, 755, 199 P.3d 781 (2009); *Williams Gas Pipelines Cent., Inc. v. Kansas Corp. Comm'n*, 27 Kan. App. 2d 573, 580, 7 P.3d 311 (2000). Under the second rule, "[a] person aggrieved *by the failure of an agency to act in a timely manner* as required by K.S.A. 77-526 or 77-549, and amendments thereto, *or as otherwise required by law*, is entitled to interlocutory review of the agency's failure to act." (Emphases added.) K.S.A. 77-631(a).

As for the court where judicial review may be sought, "[t]he district court shall conduct judicial review except when: (1) *A statute specifically provides for review of an agency action by appeal directly to the court of appeals*; or (2) otherwise provided by law." (Emphasis added.) K.S.A. 77-609(a). And K.S.A. 74-2426(c)(4) provides that "[a]ppeal of an order of the board shall be to the court of appeals as provided in

7

subsection (c)(4)(A), unless a taxpayer who is a party to the order requests review in district court pursuant to subsection (c)(4)(B)."

The County's petition for judicial review challenges two aspects to the BOTA proceedings: (1) the agency's failure to issue a full and complete opinion, and (2) its summary decision adjusting the County's valuations of the Taxpayers' properties. Both qualify as "agency action[s]" for KJRA purposes. See K.S.A. 77-602(b) (defining "agency action" to include "[t]he whole or a part of . . . an order" and "the failure to issue . . . an order"). But each requires separate consideration.

*BOTA's refusal to issue a full and complete opinion*

BOTA's written order was at best cryptic about any statutory obligation it might have to issue a full and complete opinion. It simply stated, "The Board finds that the County has not provided a legal or statutory basis to show that the Taxpayers have no right to voluntarily withdraw their request for a full and complete opinion." But its sidestepping was nevertheless a rejection of the County's argument and, by necessary implication, a declaration that no full and complete opinion would be issued.

Under these circumstances, BOTA's inaction, i.e., a failure to act, can only be considered an interlocutory (nonfinal) decision. As previously noted, "[a] person aggrieved by the failure of an agency to act in a timely manner as required by K.S.A. 77-526 or 77-549, and amendments thereto, or as otherwise required by law, *is entitled to interlocutory review of the agency's failure to act.*" (Emphasis added.) K.S.A. 77-631(a); see also K.S.A. 77-526(g) (providing generally that initial or final order must be served within 30 days after matter submitted for decision); K.S.A. 77-549(d) (providing director of taxation must serve final order within 120 days after matter submitted for decision).

8

Inexplicably, the County does not cite or discuss K.S.A. 77-631. But it is essential for us to consider as part of a court's duty to question jurisdiction on its own initiative. See *Kansas Bldg. Industry Workers Comp. Fund v. State*, 302 Kan. 656, 666, 359 P.3d 33 (2015) ("appellate courts have a duty to question jurisdiction on their own initiative") (quoting *State v. Berreth*, 294 Kan. 98, 117, 273 P.3d 752 [2012]). And interlocutory review is essentially what the County requests in disputing the lawfulness of BOTA's refusal to issue a full and complete opinion.

This court has held the pleading requirement for KJRA actions only requires facts demonstrating a right to review; the petition need not include "legal arguments or statutory citations." *Kingsley v. Kansas Dept. of Revenue*, 288 Kan. 390, 404, 204 P.3d 562 (2009). And without question, we have those facts in this appeal. The County seeks the type of interlocutory relief authorized by K.S.A. 77-631. That is, it challenges BOTA's failure to act in a timely manner as required by K.S.A. 74-2426, i.e., refusing to issue a full and complete opinion within the 90 days allotted. See K.S.A. 74-2426(a).

But there are two additional layers to the jurisdiction question:  (1) whether the County is "aggrieved" by BOTA's failure to act, as K.S.A. 77-631(a) requires; and (2) whether interlocutory review may be sought in the Court of Appeals.

As to the first, the Taxpayers' arguments—albeit not framed around K.S.A. 77-631—suggest the County cannot be "aggrieved" by BOTA's failure to timely issue a full and complete opinion. In its view, the County lost the right to seek review of the full and complete opinion by failing to ask for it on its own accord. But this argument lacks a basis in K.S.A. 74-2426(c) because nothing in the statute restricts the right to judicial review in the Court of Appeals to only those parties who request a full and complete opinion. The County is entitled to consider itself "aggrieved" by BOTA's valuation determinations because in the proceedings below BOTA modified the tax values the

9

County placed on the affected commercial properties despite the County's evidence and legal arguments supporting those values.

> "Black's Law Dictionary 65 (6th ed. 1990), defines 'aggrieved' as '[h]aving suffered loss or injury; damnified; injured.' Black's Law Dictionary 65 (6th ed. 1990), also defines 'aggrieved party' as
>
> "'[o]ne whose legal right is invaded by an act complained of, or whose pecuniary interest is directly and adversely affected by a decree or judgment. One whose right of property may be established or divested. The word "aggrieved" refers to a substantial grievance, a denial of some personal, pecuniary or property right, or the imposition upon a party of a burden or obligation.'" *Nichols v. Kansas Governmental Ethics Comm'n*, 28 Kan. App. 2d 524, 528, 18 P.3d 270 (2001).

And since BOTA's decision was adverse to the County, the County is aggrieved by BOTA's failure to issue a full and complete opinion because that inaction cuts off the County's right to seek judicial review of BOTA's lower valuation determinations. Under K.S.A. 74-2426(c)(4), BOTA's orders must be appealed to the Court of Appeals, except when the taxpayer elects to seek de novo review in the district court. And for purposes of appealing to the Court of Appeals, BOTA's order is not final until a full and complete opinion is issued. K.S.A. 74-2426(c)(4)(A).

The more difficult inquiry is whether the County properly sought judicial review in the Court of Appeals for BOTA's inaction. As previously mentioned, the default rule generally requires a petition for judicial review to be initiated in the district court, so the County's only route to the Court of Appeals is through K.S.A. 74-2426(c)(4), which provides "[a]ppeal of an order of the board shall be to the court of appeals as provided in subsection (c)(4)(A), unless a taxpayer who is a party to the order requests review in district court pursuant to subsection (c)(4)(B)." The question then becomes whether

10

BOTA's self-styled "order" addressing the County's objection to the Taxpayers' ability to withdraw their request for a full and complete opinion falls within that statute's meaning.

K.S.A. 74-2426 does not define what constitutes "an action" of BOTA or "an order." But those terms have technical meanings under both the Kansas Administrative Procedure Act, K.S.A. 77-501 et seq., and the KJRA. An "[a]gency action" is defined in the KJRA to include "[t]he whole or a part of . . . an order" and "the failure to issue . . . an order." K.S.A. 77-602(b). And the KAPA and the KJRA both define an "order" as "an agency action of particular applicability that determines the legal rights, duties, privileges, immunities or other legal interests of one or more specific persons." K.S.A. 77-602(e); see also K.S.A. 77-502(d).

In our view, BOTA's failure to issue a full and complete opinion is at least a "failure to issue . . . an order" under K.S.A. 77-602(b)(2). But, more than that, this failure was an affirmative one—a refusal. See 4 Admin. L. & Prac. § 11:51 (3d ed.) ("Courts distinguish between two forms of what might be called agency 'inaction.' In the first category, an agency has made an active decision to refuse to take some sort of action. . . . In the second category, the agency has taken no official position at all with regard to some measure—the agency has neither acted nor refused to act.").

This failure, which BOTA designated as an "order," also meets the statutory definition of an "order." BOTA implicitly decided not to issue a full and complete opinion by apparently recognizing the Taxpayers' ability to withdraw their request. And this was an action of particular applicability because it related to the specific dispute between the Taxpayers and the County and determined the County's legal right to obtain a full and complete opinion. This in turn affects the County's ability to pursue a merits appeal.

11

We hold the Court of Appeals erred when it concluded it lacked jurisdiction over the County's petition for judicial review to the extent the petition alleges BOTA illegally failed to timely issue a full and complete opinion. The case needs to be remanded to the Court of Appeals to consider whether the Board acted properly in failing to issue a full and complete opinion.

*The limited scope of review*

Because the County also seeks judicial review of BOTA's summary decision, we must emphasize the limited scope of the Court of Appeals' inquiry on remand. K.S.A. 77-631(a) provides only for "review of the agency's failure to act."

In support of a broader review, the County argues BOTA's refusal to issue a full and complete opinion, if proper, must have transformed the summary decision into a "final order" subject to a petition for reconsideration and judicial review. This argument relies on the County's misreading of various provisions of the KAPA—particularly K.S.A. 77-529, governing requests for reconsideration.

The County's argument fails for the simple reason that it is contrary to K.S.A. 74-2426(c)(4)'s plain language, which controls over the general KAPA and KJRA provisions the County cites. That statute provides, "Any aggrieved party may file a petition for review of the board's order in the court of appeals. *For purposes of such an appeal, the board's order shall become final only after the issuance of a full and complete opinion pursuant to subsection (a).*" (Emphasis added.) K.S.A. 74-2426(c)(4)(A).

"'When a statute is plain and unambiguous, a court must give effect to its express language, rather than determine what the law should or should not be." *Estate of Graber v. Dillon Companies*, 309 Kan. 509, 516, 439 P.3d 291 (2019). In addition, "the more

12

specific statute governs when two statutes are in conflict. 'A specific statute controls over a general statute.'" *In re Tax Exemption Application of Mental Health Ass'n of Heartland*, 289 Kan. 1209, 1215, 221 P.3d 580 (2009). So K.S.A. 74-2426(c)(4) is the governing statute.

As we noted above, there is no final order for purposes of the County's petition for judicial review since BOTA did not issue one. Consequently, no petition for reconsideration within the technical meaning of the KAPA and the KJRA is possible. See K.S.A. 77-529(a)(1) (providing "any party, *within 15 days after service of a final order*, may file a petition for reconsideration . . . stating the specific grounds upon which relief is requested"); K.S.A. 77-613(c) (providing if a request for reconsideration has been requested, a "petition for judicial review of a final order" must be filed within 30 days of order denying reconsideration). Since there has not been a final order on the Taxpayers' appeals for the purpose of a judicial review action launched in the Court of Appeals, the County's merits issues are not yet ripe for judicial review.

We affirm the portion of the Court of Appeals' dismissal order as it pertains to the County's effort to obtain judicial review of the summary decision.

The order of the Court of Appeals is affirmed in part and reversed in part, and the case is remanded to the Court of Appeals for further proceedings consistent with this decision.

MICHAEL E. WARD, Senior Judge, assigned.[1]

_____

**[1]REPORTER'S NOTE:** Senior Judge Ward was appointed to hear case No. 119,228 under the authority vested in the Supreme Court by K.S.A. 20-2616 to fill the vacancy on the court by the retirement of Chief Justice Lawton R. Nuss.