NOT DESIGNATED FOR PUBLICATION

No. 115,220

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

BRANDON WITTHUHN,
*Appellant*,

v.

KANSAS DEPARTMENT OF REVENUE,
*Appellee*.


MEMORANDUM OPINION

Appeal from Barton District Court; MIKE KEELEY, judge. Opinion filed March 10, 2017. Affirmed.

*Donald E. Anderson, II*, of Robert A. Anderson Law Office, of Ellinwood, for appellant.

*John D. Shultz*, of Kansas Department of Revenue, for appellee.


Before ARNOLD-BURGER, C.J., ATCHESON and BRUNS, JJ.


*Per Curiam*:  Brandon Witthuhn appeals the decision of the Barton County District Court upholding the suspension of his driver's license because a blood test showed he was legally intoxicated when he wrecked his motor vehicle. Witthuhn contends the district court should not have considered the results of the test because the blood draw amounted to an unconstitutional search and seizure. Witthuhn also contends the 16-month delay in scheduling the district court trial was inherently unreasonable, so he should be relieved of the suspension. We find neither argument persuasive and affirm the district court's ruling suspending Witthuhn's driver's license.

1

Given the points Witthuhn raises on appeal, we may set the legal stage with a brief account of the facts and procedural history. In 2013, Witthuhn had a wreck and suffered injuries requiring his hospitalization. The Kansas Highway Patrol trooper responding to the scene of the wreck determined Witthuhn to have been the driver of the vehicle and recognized signs he had been drinking, including the odor of alcohol. At the hospital, Witthuhn's blood was drawn. The trooper had a sample of the blood tested to determine Witthuhn's blood alcohol level. The test showed Witthuhn had a blood alcohol level of 0.14, rendering him legally intoxicated.

The trooper duly advised Witthuhn of the testing protocols and otherwise informed him of his legal rights regarding the testing. The trooper later prepared a DC-27 form reporting the grounds for requesting the test and the test results. The form was served on Witthuhn by mail. Witthuhn does not dispute the sufficiency of the paper work and the notification he received. Based on the test results, the Kansas Department of Revenue issued an order suspending Witthuhn's driving privileges.

Witthuhn exercised his right to an administrative hearing. The administrative hearing officer upheld the suspension order. As provided in K.S.A. 2016 Supp. 8-1020(o), Witthuhn then requested a trial de novo in the district court to challenge the suspension. The Kansas Judicial Review Act, K.S.A. 77-601 *et seq.*, governs the court proceedings. Witthuhn filed his petition for review in early July 2014 and identified the admissibility of the blood test results as the basis for his challenge.

The district court heard the matter in mid-November 2015. At the start of the trial, Witthuhn stated he also disputed the legal propriety of the trial based on the lapse of time since he had filed the petition for review. The lawyer representing the Department of Revenue did not interpose any procedural objection and simply addressed the merits of the timeliness claim in due course during the trial. The only evidence presented at the trial was the DC-27 form the Highway Patrol trooper completed. The day after the trial

the district court issued a memorandum decision denying Witthuhn relief and upholding the Department's suspension order. Witthuhn has appealed that ruling.

For his first point, Witthuhn fashions an argument based on *State v. Declerck*, 49 Kan. App. 2d 908, 317 P.3d 794, *rev. denied* 299 Kan. 1271 (2014), that the blood draw violated his right to be free of unreasonable government searches and seizures protected in the Fourth Amendment to the United States Constitution and, as a consequence, the results of the testing should not have been considered in the suspension proceedings. What Witthuhn seeks is an application of the exclusionary rule to bar the admission of the blood alcohol test as evidence against him. But Witthuhn carefully avoids referring to the exclusionary rule by name.

The exclusionary rule prohibits the government from introducing as evidence against criminal defendants things seized in violation of their Fourth Amendment rights. The rule, therefore, theoretically induces law enforcement officers to engage in constitutionally reasonable searches and seizures so they can later use as evidence whatever they might find. See *State v. Althaus*, 49 Kan. App. 2d 210, 219, 305 P.3d 716 (2013). The Kansas Supreme Court has held the exclusionary rule cannot be invoked in driver's license revocation proceedings to suppress evidence based on Fourth Amendment violations, since they are civil administrative actions rather than criminal prosecutions. *Martin v. Kansas Dept. of Revenue*, 285 Kan. 625, Syl. ¶ 8, 176 P.3d 938 (2008). The *Martin* decision effectively forecloses Witthuhn's argument.

In addition, the only evidence admitted in the district court—the DC-27 form—furnished probable cause or reasonable grounds for blood-alcohol testing. And that is sufficient to support use of the test results in a driver's license revocation proceeding. On appeal, Witthuhn asks us to consider the notes of the administrative hearing officer in addition to the DC-27 form. But the notes were not offered or admitted as evidence in the district court trial, so they have no bearing on the district court's decision. And, as we

3

have mentioned, the district court conducts a de novo trial, not a review of the administrative record. On appeal, we consider the district court's ruling in light of the trial evidence.

Next, Witthuhn argues that the lapse of time between his filing the petition for review and the de novo trial categorically amounts to an unreasonable delay that, without anything more, entitles him to be relieved of any administrative suspension. Witthuhn, however, neither identifies the legal source of his asserted right nor any authority supporting the notion. Absent a statutory directive establishing a fixed time limit for holding a trial after the filing of a petition for review—something Witthuhn acknowledges doesn't exist—we would suppose that, at a minimum, a delay would have to cause some degree of prejudice to warrant a judicial remedy. See, *e.g.*, *Barker v. Wingo*, 407 U.S. 514, 530, 92 S. Ct. 2182, 33 L. Ed. 2d 101 (1972) (prejudice to criminal defendant considered in assessing constitutional speedy trial violation); *In re Care & Treatment of Ellison*, 305 Kan. ___, 385 P.3d 15, 28-29 (2016) (prejudice weighed as factor in timeliness of trial under Sexually Violent Predator Act, K.S.A. 59-29a01 *et seq.*). In this case, we do not presume to fashion some test for measuring impermissible delay in driver's license revocation proceedings and suggest only that such a test would require actual prejudice to the licensee.

Here, Witthuhn asserts no actual prejudice. He has not claimed his ability to present relevant evidence was somehow compromised. Nor has he claimed some kind of tangible extrajudicial burden or prejudice attendant to the pendency of the revocation proceedings. Indeed, Witthuhn has retained his driving privileges, albeit on a temporary basis, during the pendency of the administrative and judicial processes—a period now stretching to well over 3 years. Accordingly, we decline Witthuhn's invitation to find he has sustained legally cognizable harm requiring relief simply because he filed his petition for review in the district court in July 2014 and did not go to trial until November 2015. We mention in passing that the trial record does not reflect any reasons for that lapse of

time and Witthuhn did not endeavor to show who might have been responsible for the delay.

The Department of Revenue contends the district court and, in turn, this court lack subject matter jurisdiction to consider Witthuhn's timeliness argument because it was not included in his petition for review. The Kansas Judicial Review Act requires a petitioner to state in the petition the reasons the district court should grant relief. K.S.A. 2016 Supp. 77-614(b)(6). The statement of reasons is jurisdictional, and the district court lacks the authority to consider issues not so identified. *Kingsley v. Kansas Dept. of Revenue*, 288 Kan. 390, 405-06, 204 P.3d 562 (2009). But a petition for review may be amended, and a district court should freely permit amendments as justice requires. K.S.A. 2016 Supp. 77-614(c). As we have already indicated, Witthuhn raised his claim for unreasonable delay at the start of the trial. That amounted to an oral motion to amend his petition to include the issue. The lawyer for the Department of Revenue did not object to Witthuhn's assertion of the issue on the grounds the point had not been included in the petition. Nor did the lawyer suggest he needed a continuance to respond if the district court were to consider the point. Rather, the lawyer argued against Witthuhn's claim on the merits alone. We see that as tacit agreement to an oral amendment of the petition, so the district court had subject matter jurisdiction, as do we.

Having considered both of Witthuhn's arguments, we find the district court correctly upheld the administrative suspension.

Affirmed.

5