NOT DESIGNATED FOR PUBLICATION

Nos. 122,142
122,143
122,144
122,145
122,146


IN THE COURT OF APPEALS OF THE STATE OF KANSAS

DIRECTOR OF TAXATION, KANSAS DEPARTMENT OF REVENUE,
*Appellee*,

v.

DANA M. SCIOLARO,
*Appellant*.


MEMORANDUM OPINION


Appeal from Shawnee District Court; TERESA L. WATSON, judge. Opinion filed August 21, 2020. Appeal dismissed.


*Dana M. Sciolaro*, appellant pro se.


*Randall Wharton* and *Jordan Raye*, of Legal Services Bureau, Kansas Department of Revenue, for appellee.


Before HILL, P.J., MALONE, J., and WALKER, S.J.


PER CURIAM: We have consolidated five tax warrant appeals into this case. Since 2007, the Department of Revenue has filed five separate tax warrants against Dana M. Sciolaro for unpaid state income taxes. Because Sciolaro has failed to exhaust her administrative remedies, we dismiss this appeal.


1

Sciolaro asked the district court to enter judgment on her behalf in each tax warrant case based on letters that she had sent to a private debt collector who is not a party to those proceedings. Sciolaro asserted that she owed no debt because the collector had not timely responded to her correspondence. After the district court denied Sciolaro's motions in all five cases, she appealed.

In Sciolaro's appeal, she reasserts the claims about the dilatory actions of a debt collector. The Department of Revenue brings up Sciolaro's failure to exhaust administrative remedies.

The collection of income taxes in Kansas is well established. It starts with the Department notifying a taxpayer that he or she owes more than the amount paid on their tax return. Then, the taxpayer has 60 days to request an informal conference to dispute the amount allegedly owed. If the taxpayer does so, the Department holds a conference, reviews the facts and issues underlying the proposed liability, and issues a final written decision. K.S.A. 79-3226(a).

Those who wish further review may appeal to the Board of Tax Appeals. K.S.A. 74-2438(a), K.S.A. 79-3226(a). Once that Board issues a final decision, an aggrieved taxpayer may seek judicial review. See K.S.A. 74-2426(b)-(c).

In all five cases here, Sciolaro neither requested an informal conference nor paid the amount owed. The Department filed tax warrants in the district court to recover the unpaid amounts. See K.S.A. 79-3235.

When Sciolaro filed her request for judgment in each tax warrant case in the district court, the time to request an informal conference had long passed. Sciolaro essentially sought relief from the tax debts covered by the warrants.

Before challenging a government agency's action in court, a party must exhaust administrative remedies. See K.S.A. 77-612. This gives an administrative agency a chance to correct any errors before a court of law intervenes in the controversy. On appeal, we exercise unlimited review over the legal question of whether a party has exhausted administrative remedies. See *Kingsley v. Kansas Dept. of Revenue*, 288 Kan. 390, 408-09, 204 P.3d 562 (2009).

We must therefore dismiss Sciolaro's appeal because of her failure to exhaust administrative remedies. Other panels of our court have ruled in similar cases the same way. The taxpayer's failure to exhaust administrative remedies precluded judicial review. See *Kansas Dept. of Revenue v. Richards*, No. 107,252, 2012 WL 5392158 (Kan. App. 2012) (unpublished opinion); *Director of Taxation v. Luoma*, No. 107,091, 2012 WL 3136767 (Kan. App. 2012) (unpublished opinion); *Pattison v. Kansas Dept. of Revenue*, No. 95,739, 2007 WL 316821 (Kan. App. 2007) (unpublished opinion).

Appeal dismissed.