NOT DESIGNATED FOR PUBLICATION

No. 123,822

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

ARCH ROOFING & RESTORATION CO. LLC,
*Appellant*,

v.

REYNA GARCIA,
*Appellee*.

MEMORANDUM OPINION

Appeal from Johnson District Court; JAMES F. VANO, judge. Opinion filed March 18, 2022. Reversed and remanded with directions.

*Stephanie B. Poyer*, of Butler & Associates, P.A., of Topeka, for appellant.

No appearance by appellee.

Before ISHERWOOD, P.J., GREEN and BRUNS, JJ.

PER CURIAM: Arch Roofing & Restoration Co. LLC (Arch Roofing) appeals the district court's finding that it lacked jurisdiction to consider a motion to revive a dormant civil judgment filed during the COVID-19 pandemic. Based on the plain and unambiguous language of Kansas Supreme Court Administrative Order 2020-PR-058, effective May 27, 2020, we conclude that it suspended the statutory deadlines for filing motions to revive dormant civil judgments. Thus, we reverse and remand this matter to the district court with directions.

1

FACTS

On November 15, 2013, Arch Roofing obtained a default judgment against Reyna Garcia. It is undisputed that the judgment entered against Garcia became dormant in November 2018. Furthermore, it is undisputed that Arch Roofing did not file its motion to revive the dormant judgment under K.S.A. 60-2404 until December 28, 2020. However, at the time Arch Roofing filed its motion, Kansas Supreme Court Administrative Order 2020-PR-058 was in effect and had suspended "[a]ll statutes of limitation and statutory time standards or deadlines"—with limited exceptions—until further notice due to the COVID-19 pandemic.

During a hearing on February 2, 2021, the district court found that it lacked jurisdiction to consider the motion to revive the judgment. Moreover, the district court entered a journal entry on February 23, 2021, in which it explained its rationale for finding that it lacked jurisdiction. Specifically, the district court determined that "[t]he motion for revivor now before the Court was not filed until after the judgment had by operation of law expired and become void." The district court then found that "[t]he Supreme Court COVID stay order does not apply" and concluded that it "lacks further jurisdiction to proceed."

ANALYSIS

The sole issue presented in this appeal is whether the district court has jurisdiction to consider the motion to revive judgment filed by Arch Roofing. Here, the district court used the generic term "jurisdiction" in its journal entry. Because there is no allegation that the district court did not have personal jurisdiction over Garcia, we surmise that the district court believed that it did not have subject matter jurisdiction to consider the motion.

2

"'Subject matter jurisdiction is the power of the court to hear and decide a particular type of action.'" *In re Estate of Lentz*, 312 Kan. 490, 496, 476 P.3d 1151 (2020). In considering whether subject matter jurisdiction exists, it is important to start from the premise that Kansas district courts are courts of general jurisdiction. *State v. Matzke*, 236 Kan. 833, 835, 696 P.2d 396 (1985). Likewise, it is important to recognize that "[s]ubject matter jurisdiction is vested by statute." *Kingsley v. Kansas Dept. of Revenue*, 288 Kan. 390, 395, 204 P.3d 562 (2009).

Whether subject matter jurisdiction exists is a question of law over which we have unlimited review. *Via Christi Hospitals Wichita v. Kan-Pak*, 310 Kan. 883, 889, 451 P.3d 459 (2019). Further, interpretation of statutes and court rules present a question of law over which we have unlimited review. *Nauheim v. City of Topeka*, 309 Kan. 145, 149, 432 P.3d 647 (2019) (interpretation of statutes); *Dawson v. BNSF Railway Co.*, 309 Kan. 446, 451, 437 P.3d 929 (2019) (interpretation of Kansas Supreme Court Rules). As such, we must first attempt to determine the intent of the Kansas Legislature and the Kansas Supreme Court based on the plain and unambiguous language of the statute and rule. See *Montgomery v. Saleh*, 311 Kan. 649, 654-55, 466 P.3d 902 (2020).

In Kansas, civil judgments have an initial lifespan of five years. K.S.A. 2020 Supp. 60-2403(a). Once five years have passed without execution on the judgment, "the judgment, including court costs and fees therein shall become dormant . . . ." K.S.A. 2020 Supp. 60-2403(a)(1). Nevertheless, a judgment creditor may seek to revive the dormant judgment by filing a motion "within two years after the date on which the judgment became dormant" and "on the hearing thereof the [district] court shall enter an order of revivor unless good cause to the contrary be shown . . . ." K.S.A. 60-2404.

It is undisputed that under normal circumstances, the filing of Arch Roofing's motion to revive its judgment against Garcia—which had become dormant by operation of law in November 2018—would have been untimely. Nevertheless, Arch Roofing

3

contends that the filing of its motion should be deemed timely in light of Kansas Supreme Court Administrative Order 2020-PR-058. As discussed above, this administrative order—which was authorized by K.S.A. 2020 Supp. 20-172—provided, in relevant part: "All . . . statutory . . . deadlines applying to the conduct or processing of judicial proceedings are suspended . . . ."

We recognize that there are several exceptions to the administrative order, but there is no argument that these exceptions are material to the issue presented in this case. In particular, we find that nothing in the plain and unambiguous language of the order makes an exception for the filing of motions to revive civil judgments under K.S.A. 60-2404. Likewise, we find nothing in the record to suggest that the Johnson County District Court exempted this case from the administrative order. Instead, it appears from the record that the district court recognized that that the administrative order was in effect at the time Arch Roofing filed its motion to revive the dormant judgment and simply found that it did not apply under these circumstances.

Accordingly, we find that the plain and unambiguous of the administrative order had suspended the statutory deadline under K.S.A. 60-2404 at the time that Arch Roofing filed its motion to revive its dormant judgment against Garcia. We also find that the judgment was not "void" at the time Arch Roofing filed its motion but was simply "dormant" or inactive under K.S.A. 2020 Supp. 60-2403(a)(1). As a result, we conclude that the motion to revive judgment under K.S.A. 60-2404 was timely filed and the district court has jurisdiction to consider the motion.

We, therefore, reverse the district court's decision and we remand this matter to the district court for consideration of the motion to revive judgment on the merits.

Reversed and remanded with directions.

4